Judge Ewing

delivered the opinion of the court.
This is a bill for alimony, upon the charge of “cruel, inhuman and barbarous treatment” of the wife by the husband.
The defendant denies positively, the material allegations of the bill.
The Chancellor, upon the hearing, decreed an allowance to the wife of one hundred dollars per annum, and the husband has appealed to this Court.
We do not think that either by the canon law, which has been adopted as the law of England, on this subject, or by the statute, that a case was made out to justify the decree of the Chancellor.
Pothier (Traite du Contrat de Marriage, s. 509,) says, that a blow or stroke of the hand should not be a cause of separation, under all circumstances, unless it was often repeated. Such assault might he the result of a momentary sally of passion, stimulated by the irritating language or conduct of the wife, and furnish no reasonable ground for apprehending future bodily harm. 4 John. Chy. Rep. 187, Barrere vs Barrere. To use the language of Chancellor Kent, “mere austerity of temper, petulence of manner, rudeness of language, a want of civil attention, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to that cruelty against which the law can relieve.” 2 Kent’s Com. 126. They all may be the effect of habit, or of a bad education, and should, in the general, be borne with by the wife, as the best means of disarming them of their effects, and securing to herself connubial happiness.
If such grounds could be deemed sufficient to justify a separation of the wife from the husband, there would, it *53 is apprehended, be very many cases in which good reasons for a separation might be made out.
Good morals, as well as good policy, require that the door should not be opened so wide. Hence it is, that the courts under the canon law, have been very strict and rigid in requiring that, the causes shall be grave and weighty, and show such unfeeling cruelty, or habitual persecution, on the part of the husband, as to threaten the personal safety of the wife, or expose her to danger in her person, or health, in the discharge of her marital duties, or render the bonds of matrimony, to a prudent woman, the bonds of wretchedness or oppression.
The causes, propter savitiam, in the canon law, justifying a separation, have not been expanded by our statute. By it, she may separate from him, and is entitled to alimony, for “cruel, inhuman and barbarous treatment,” Statute Laws of Kentucky, 1 vol., 121. Certainly, nothing short of the misconduct on the part of the husband, deemed sufficient by the canon law, will come up to the requisitions of the statute. An assault, or stroke, or slap, or slaps with the hand, on a single occasion, or occasional petulence of temper, rudeness of language, or sallies of passion, that do not threaten bodily injury, or expose her person or health to danger, cannot be deemed sufficient to constitute cruel, inhuman and barbarous treatment, within the contemplation of the Legislature, or the policy of the enactment.
In the case before the Court, rude language was occasionally used by the husband to his wife; yet such language was not often repeated, and when used, seems to have been the effect of a momentary excitement, which soon passed away, or of a grumbling bluntness in his manner of expression, which seems to have been more the effect of habit than of ill will, which should have been disregarded by the wife.
The only act of personal violence charged in the bill, is that which immediately preceded the departure of the wife from the house of the husband. And it is not even charged in the bill, to have been so violent as to inflict on her serious injury. And taking into consideration the denial of the answer, it is certainly rendered questiona *54 ble, from the proof, whether she was struck by the husband at all; or if stricken, whether the stroke exceeded a slight slap, to which he was provoked by the excitement of the moment, and perhaps by the irritating language and conduct of the wife. Indeed, the only witness who attempts to prove that any thing more than a slap was given to her, is her own daughter by a former husband, who says she did not see her mother stricken, but saw the defendant have hold of her arm, trying to lead her into the house, and saw his hand raised several times, and heard the strokes struck, but was not in a situation to see them.
On the contrary, the defendant denies that he struck her, or intended to use any violence towards her. But that, in the scuffle, and her efforts to wrest her arm from his hand, her hair fell down over her face, and the only thing he did was to place his hand on her face, to replace, her hair.
And the daughter of the defendant, who was also present, states that she punched him in the breast several times, and she heard no stroke from him, but saw him raise his hand once, and motion it like he slapped her, but saw or heard no slap. And this witness occupied a more favorable situation to see all that occurred, than the witness for the complainant.
Upon the whole, we can regard the affair in no other light, than as a sudden freak of passion, on both sides, in which no serious injury was done, and which should have been passed by and forgotten with the moment, and furnished no sufficient ground to justify a dissolution of the sacred connection of man and wife.
She is proven to be a lady of unimpeachable character, and her deportment towards her husband is shown to have been, in the general, unexceptionable. Her delicate sensibilities were, no doubt, deeply wounded, but she should have borne and forborne. She acted inconsiderately and hastily in separating herself from her husband against his urgent entreaties, for her, to remain. And equally inconsiderately and rashly in refusing to return, when he relented and urged her to do so, holding out inducements of a better state of things, and of more *55 connubial happiness, and freedom from toil and vexation, in the fact, that he had then opened his farm, and placed himself in a condition to live more comfortably and with less expense. And though the breach has been widened, by subsequent events, it is yet believed that it might be healed by her return, and exercise of forbearance, and observance of a kind and respectful deportment towards her husband. And should she do so, and he should persevere in rash and unjustifiable conduct towards her, it may furnish just ground for the interposition of the Chancellor hereafter.
No costs are given in favor of a husband, upon the dismissal of the wife’s bill for alimony, or the reversal of a decree obtained by her.
Decree reversed, and cause remanded, that the bill may be dismissed, without costs; nor is costs allowed in this Court.