# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1885.*

### ANNIE HUILKER v. GUSTAVE HUILKER.

#### (Case No. 5272.)

1. DIVORCE.— By the ecclesiastical law, and under statutes adopting its principles, a divorce may be granted for ill-treatment by a spouse, when of such a character as to create a reasonable apprehension of danger to the physical safety of the party seeking the divorce. What conduct on the part of the offender is sufficient to create a reasonable fear of bodily harm to the other cannot be easily defined. The habits and character of the parties, their previous training, their social position, the provocation given by the complaining party, the frequency of ill-treatment, and like facts, must be looked to in determining each particular case.
2. CASES REVIEWED.— Finley v. Finley, 9 Dana, 52; Richards v. Richards, 1 Wright (Pa.), 225, and Richards v. Richards, 1 Grant's Cases (same case), 389, reviewed, and the fact announced that in each of them, where it was held that a single act of violence, though amounting to a slight assault upon the person of the wife, would not be sufficient to justify a divorce, the further fact appeared that the complaining party had in some degree provoked the violence, and the opinions were controlled by the peculiar language of statutes on the subject.
3. DIVORCE.— A husband, after working his wife in the field while she was pregnant, and requiring her to do as much work as himself, violently seized her, and, cursing her, drove her and her babe from his home, no other act of violence being shown. It was shown that the wife was amiable and exemplary. *Held*, that, under such circumstances, the requirements of the statute to authorize a divorce were fully met, and this court, reversing the judgment of the court below, directed the divorce to be granted, and the custody of the infant child to be decreed to the mother.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

The opinion states the case.

*Wilkins & Patty*, for appellant, cited: R. S., arts. 2861, 2864, 1048; Bahn v. Bahn, Tyler Term, 1884; Taylor v. Taylor, 18 Tex.,

---

* A few of the cases published in this volume were decided at former terms of the court.

574; Shreck v. Shreck, 32 Tex., 578; Annet v. Her Husband, 4 La. Ann., 137; 1 Bishop on Marriage and Divorce, secs. 715, 716, 717, 722, 724 and note 6, 725, 735, 720.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.—This is a suit for divorce brought by the wife on the alleged ground of ill-treatment by her husband, of a character to render their living together insupportable.

The facts developed by the evidence as to the ill-treatment are about these: The appellant is shown to have been an amiable, faithful and obedient wife, and there is nothing to show that she either provoked the violence of her husband or was guilty of any conduct recriminating in its nature. She assisted her husband by working in the field as a common laborer, even at a time when her delicate condition rendered such work dangerous to her health. So far from repaying this with kindness, he complained of the amount of work she did, and insisted that she should do as much work as himself.

During one of his absences from home he left her without adequate means of support, and she was forced to provide for herself as best she could. She was frequently seen crying, and no cause could be assigned for this, unless it was produced by the ill-treatment of her husband.

Finally, after saying to her that he had told her repeatedly to leave the house, he took her by the hand and arm and threw her from the door into the yard, saying, "Now take your d—d young one and leave here, and never return." He then flourished his fist around the head and face of her mother, who was present, and told her to take her d—d daughter home and keep her; that he had often told her to leave. From the effects of this assault Mrs. Huilker's arm was so badly bruised that she could hardly use it for several days. Upon this evidence the court below refused the divorce, and the case has been brought here upon appeal.

By the ecclesiastical law, and under statutes substantially adopting its principles, a divorce can be granted when the ill-treatment complained of is such as to create a reasonable apprehension of danger to the physical comfort or safety of the party seeking the divorce. 1 Bish. on Mar. & Divorce, § 717.

What conduct on the part of the offending spouse is sufficient to raise a reasonable fear of bodily harm to the other is not very well defined, nor can it be easily reduced to general principles. Each case must, in a greater or less degree, be governed by its peculiar

circumstances. The habits and character of the parties; their previous training and their standing in society; the provocation given by the complaining party; the frequency of the alleged ill-treatment, and the like facts, must all be taken into consideration, and have more or less weight in determining the sufficiency of the cruelty in the particular case.

It has been held that a single act of violence, though it amount to a slight assault upon the person of the wife, is not sufficient to justify a divorce. Finley *v.* Finley, 9 Dana, 52; Richards *v.* Richards, 1 Wright (Pa.), 225; Richards *v.* Richards (same case), 1 Grant's Cases, 389.

But in these cases there seems to have been some provocation on the part of the complaining party, and they were also made to turn upon the peculiar language of the statutes under which they were decided, and in one case, at least, the assault was of a very trivial character.

On the contrary, it is held in Massachusetts that where force or violence is once used by the husband, without provocation on the part of the wife, the divorce should be granted. French *v.* French, 4 Mass., 587.

And this seems to be in accordance with the received doctrine, both in England and America. 1 Bish. on Mar. & Div., §§ 729, 735, 745.

Indeed, if a reasonable fear of personal violence is enough to authorize a divorce, the violence itself, when actually committed, should be sufficient. If the danger of a serious assault and battery justifies severing the bonds of matrimony, the blow and consequent physical suffering, when actually received by the wife, should afford abundant reason for a divorce.

No stronger evidence of the probability of future and continued violence can be produced than the fact that it has already occurred without provocation.

If the violence had been brought on by any improper conduct on the part of the wife, she might expect, by a change in her own demeanor, to prevent its recurrence in the future.

But a wife who has faithfully and conscientiously discharged the duties of her position, and yet has been grossly abused and brutally assaulted by her husband, can have but little hope of exemption from like treatment on other occasions. She must live in constant fear that the violence will be repeated, and that nothing that she can do will prevent it. She must be deprived in a great degree of the mental and physical capacity to discharge well the duties of a

wife, and her constant dread of violence must render her married life insupportable. This is all that is required by our statute to authorize a divorce, and it is in this respect more comprehensive and liberal than the ecclesiastical law and the statutes of some of the other states. 1 Bish. on Mar. & Div., §§ 718, 724; Sheffield v. Sheffield, 3 Tex., 79; Wright v. Wright, 6 Tex., 3. But the present case goes even further. The case is that of an exemplary and amiable wife discharging faithfully all the duties she owes to her husband, neglected by him in some respects, complained of for not doing a man's service in the field, and finally, with her infant child, cursed, assaulted and thrown violently from her house, and sent, bruised and insulted, to take refuge with her parents, from the violence of her husband.

We think that all these circumstances considered together were calculated to produce in the mind of appellant such fear of future ill-treatment as to render living with her husband insupportable. Taylor v. Taylor, 18 Tex., 574.

The judgment of the court below will be reversed and the cause remanded with instructions that a decree be rendered divorcing the parties from the bonds of matrimony, and granting to the appellant the custody of her infant child.

The court below is further directed to hear proof upon the question of alimony and the property rights of the parties alone, and make such orders in reference thereto as to equity and justice shall appertain.

REVERSED AND REMANDED.

[Opinion delivered April 11, 1885.]