JOHN D. MILLER v. EMMA H. MILLER.

No. 6019.

**Divorce.**—A single act of personal violence by the husband to the wife, as a blow with the fist in the face, may be a sufficient cause for divorce against the husband.

APPEAL from McCulloch.    Tried below before Hon. A. W. Moursund. The opinion states the case.

*F. G. Morris*, for appellant.

*Fisher & Townes*, for appellee.

HOBBY, JUDGE.—This is a suit by the appellee, the wife, against her husband, the appellant, for divorce upon the grounds of cruel treatment, and also for the custody of the children by the marriage.    It was brought on the 18th day of November, 1886, in the District Court of McCulloch County.

Appellant answered on the 3rd day of December, 1886, specially denying the charges contained in the petition, and claiming the right to the custody of the children in event a decree of divorce was rendered.

The cause was tried by the court without a jury, and judgment was rendered granting a divorce upon the truth of the allegations in the petition, and awarding the custody of the children to the wife.    Appellant excepted to the judgment after his motion for a new trial was overruled, and prosecutes this appeal.    There is no assignment of errors in the record, but appellant's first proposition is that "taking all the evidence against appellant to be true and not overcome by the testimony in appellant's favor, the judgment is not supported by the evidence, because there were only two classes of cruel treatment alleged or attempted to be proved against him; first, such absolute failure to provide for appellee as rendered their living together insupportable; second, violence to the person of appellee; and the first was not proved, and in support of the second only one act of violence to the person of appellee was proved.    And appellee is precluded from legally urging this act of violence as a ground for divorce, because it was inflicted in resisting unjustifiable personal violence used at the time by appellee upon appellant to prevent appellant from exercising the lawful right of taking his child with him about town."

The evidence to support the charge in the petition of acts of personal violence upon the part of the defendant to the plaintiff was that of a witness, Miss Whitehead, who stated in substance:    "That in the month of July, 1886, the defendant started from the home of his wife and himself to the store, and one of their children, a daughter of the age of three

years, was crying to go with him. The plaintiff told him not to take the child. He, however, took the child by the hand and started, when the plaintiff caught the child by the hand to stop it and pushed the defendant back with her left hand, when the defendant drew back with his clenched fist and struck the plaintiff on the shoulder and knocked her against the wall and tried to strike her in the face, and she ran back and he went off to the store and did not take the child. He did not strike the plaintiff until she tried to take the child from him and pushed him away from the child."

The father-in-law of the appellant, H. B. Harvey, upon whose testimony, in connection with that of the witness first mentioned, the truth of the allegations of the petition was founded, testified that "plaintiff and defendant were married in Victoria County about twelve years prior to this suit; he lived within a mile or two of them. Did not know of his own knowledge that defendant failed to support his family in Victoria County. Defendant paid for the building of a house for his family to live in, but not having paid for the lumber it was sold. That plaintiff and her children since 1881 have lived in witness' house in McCulloch County. Defendant has not contributed to the support of his family since living with witness. That witness sent defendant and wife to Concho County. They stopped at the town of Brady, where witness began merchandising. Defendant worked about the residence and the store, and has been clerking for witness for the past eighteen months. His services were not worth more than $20 or $25 per month. Witness requested defendant and his family to reside with him because they had no other home.

. Appellant's mother-in-law testified that "she knew of no neglect upon the part of the defendant toward his wife. On one occasion this witness thought the plaintiff required some medicine, and asked the defendant to go to a neighbor's house across the road and get it, which he would not do." Plaintiff "was then quite sick," and witness went for and obtained the medicine. It appears also from the statement of facts that "the plaintiff and defendant have resided in the same house but in separate rooms for twelve or eighteen months, and have not lived as husband and wife together nor spoken to each other during that period of time."

While we are not prepared to say that we would have arrived at the same conclusion as that reached by the court in this case, still we can not say that the evidence does not support the judgment, and it is therefore affirmed.

*Affirmed.*

Adopted December 11, 1888.