SMITH v. SMITH et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 1, 1913. Rehearing Denied Feb. 22, 1913.)

WILLS (§ 332*)—EXECUTION—"UNDUE INFLUENCE"—INSTRUCTIONS.

Where, in a will contest, the court charged on undue influence, but did not define "undue influence" sufficient to invalidate the will, it was error to refuse to charge that persuasion, entreaty, cajolery, importunity, argument, intercession, and solicitation do not constitute undue influence unless they are such as to subvert and overthrow the testator's will and cause him to do a thing which he did not desire to do.

[Ed. Note—For other cases, see Wills, Cent. Dig. § 785; Dec. Dig. § 332.*

For other definitions, see Words and Phrases, vol. 8, pp. 7166–7172.]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Contest of the will of M. C. Smith by Allen Smith and others against Mrs. Lou Smith, proponent. From a decree setting aside the will for undue influence, proponent appeals. Reversed and remanded.

R. H. Sayers, H. G. Hart, Collins & Cummings, and R. M. Vaughan, all of Hillsboro, for appellant. N. J. Smith and Morrow & Morrow, all of Hillsboro, for appellees.

RAINEY, C. J. The appellant filed an application in the county court of Hill county, Tex., for the probation of the will of her deceased husband, M. C. Smith. The appellees, children of M. C. Smith by a former marriage, contested said application on the grounds: (1) Fraud; (2) undue influence exercised by appellant upon deceased; and (3) want of testamentary capacity of deceased to make a will. The county court entered a judgment probating the will, and appellees appealed the case to the district court, and there, upon a hearing, a verdict and judgment was rendered for contestants, the jury finding upon the ground of undue influence, and proponent Lou Smith appeals.

The jury, by their verdict, virtually eliminated the issues of fraud and the mental capacity to execute a will and found on the issue of undue influence being exerted over decedent by his wife, Lou Smith. On this last-named issue the proponent requested the court to give the following charge, which was refused, viz.: "You are instructed that M. C. Smith had the absolute right to dispose of his property by will according to his own inclination, whether that inclination was dictated by unreasonable prejudice for one or overwhelming love for another. The test is not the justice or injustice of the bequest, and it is not to be measured by the reasonableness of the disposition of the property; and if it has been shown that said will was duly executed, and if it has not been shown that said will of M. C. Smith was the result of undue influence, that is to say, such an influence as was equivalent to moral coercion, and which substituted the will of some one else for the will of M. C. Smith, constraining him to do that which he did not will to do, then you will find for the proponent, Mrs. Lou Smith, on the issue of undue influence, although you may believe from the evidence that the will of M. C. Smith is unjust and was induced by prejudice or any other cause. And in this connection you are instructed that persuasion, entreaty, cajolery, importunity, argument, intercession, and solicitation do not amount to undue influence, unless they were such as to subvert and overthrow the will of the testator and cause him to do a thing which he did not desire to do. The special charges given to you are a part of the law of this case, and are to be considered by you in connection with the main charge of the court, and are to be given by you equal weight with the main charge as defining the law applicable to the facts of this case."

The court charged on undue influence, and it is correct as far as it goes; but we are inclined to the opinion that, under the circumstances of this case, it was not comprehensive enough, and was not such as to inform the jury what the law considered undue influence, sufficient to render a will void.

By the very nature of the marital relation the wife as a rule does have and ought to have influence over her husband, but such influence is not regarded by the law as undue influence. To be such under the law it must be so great as to overthrow the mind of the husband, and the wife's will so dominate

---

his that hers is substituted for his and what he does is not of his own free will, but her judgment is substituted for his and his acts are not in accord with his own desires or wishes. As said by Mr. Justice Fly in Wetz v. Schneider, 34 Tex. Civ. App. 204, 78 S. W. 396: "'His free agency must have been destroyed by the influence brought to bear upon him. And it is not material how this was done, so long as he was unable to resist, either through weakness or fear or desire for peace and quiet. It must also be kept in mind that the undue influence must have acted directly on the mind of the testator at the time of execution of the will.' Not every influence brought to bear upon the mind of a testator by a beneficiary will be classed as undue influence. Persuasion, entreaty, cajolery, importunity, argument, intercession, and solicitation are permissible, and cannot be held to be undue influence, unless they subverted and overthrew the will of the testator, and caused him to do a thing that he did not desire to do. No more could a will made from mere persuasion, entreaty, or argument, which has been weighed and considered by the testator, and his own mind made up and voluntarily formed, be classed as undue influence, than could the arguments of counsel to a court, which are weighed and considered in arriving at a just conclusion as to the law of the case, be denominated undue influence."

Mr. Underhill, on Wills, § 125, in stating the rule on the subject of undue influence, says: "His mind must have been hindered and restrained in its actions. And it is not material whether his volition was overcome by threats or fear, or by falsehoods, importunities, or annoyances. If the influence was sufficient to constrain him to do what was against his will, so that his testament speaks the mind of another, and not his own, it is undue, and the will is void. His free agency must have been destroyed by the influence brought to bear upon him, and it is not material how this was done, so long as he was unable to resist through weakness or fear or the desire for peace and quiet."

It is urged that the special charge is argumentative, etc. The charge may to a degree infringe the rule in that respect, but, if so, it is so slight as not to be objectionable. It announces correct principles of law, and would have probably called to the attention of the jury the distinction between influence properly exercised and undue influence. Juries are not trained in the law and do not always recognize legal distinctions that are made for the determination of the rights between individuals. The special charge was the better calculated to cause the jury to understand the legal meaning of undue influence, and the court erred in refusing it.

The judgment is reversed, and cause remanded.