POWELL v. POWELL. (No. 7180.)

(Court of Civil Appeals of Texas. Dallas. Oct. 17, 1914.)

1. DIVORCE (§ 38½, New, vol. 19 Key-No. Series)—ACTIONS—DEFENSES.

Where a wife is legally entitled to a divorce, her right is not lost because she was induced by her mother to assert it.

2. DIVORCE (§ 148*)—ACTIONS—INSTRUCTIONS.

In a suit for divorce, where there was testimony to establish the charges against defendant, an instruction that if plaintiff sought the divorce because of the influence of her mother, and not because of the wrongs of defendant, to find for defendant is erroneous in authorizing the finding of a verdict solely on the issue of whether the mother had induced the bringing of the suit.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 494, 495; Dec. Dig. § 148.*]

3. DIVORCE (§ 38½, New, vol. 19 Key-No. Series)—ACTIONS—DEFENSES—"UNDUE INFLUENCE."

Unless the influence of plaintiff's mother was such as to deprive plaintiff of her free will and choice, the fact that the mother influenced plaintiff to sue for divorce is no defense; mere persuasion or importunity not amounting to "undue influence."

[For other definitions, see Words and Phrases, First and Second Series, Undue Influence.]

4. DIVORCE (§ 148*)—ACTIONS—GROUND.

Since a single act of violence by a husband upon the person of his wife will warrant

a divorce where it rendered the living together of the parties unsupportable, the refusal of a charge to that effect is error, even though there was evidence of a number of such acts.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 494, 495; Dec. Dig. § 148.*]

5. EVIDENCE (§ 94*)—BURDEN OF PROOF.

The burden of proof never shifts from the plaintiff to establish the affirmative facts necessary to sustain his cause of action, nor from defendant to establish all affirmative defenses set up.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 116, 117; Dec. Dig. § 94.*]

6. APPEAL AND ERROR (§§ 215, 216*)—PRESENTATIONS OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Error in a charge cannot be relied on upon appeal, where no objection was made below and no special charge was requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. §§ 215, 216;* Trial, Cent. Dig. §§ 627, 683.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit for divorce by Wilma I. Powell against James A. Powell. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

McClellan & Prince, of Corsicana, for appellant. J. S. Callicutt, of Corsicana, for appellee.

RASBURY, J. Appellant sued appellee, her husband, for divorce, the grounds urged being certain enumerated excesses, outrages, and cruel treatment of such a nature as to render their living together insupportable, and due to which appellant separated from appellee within about two months after their marriage and lived apart from him more than a year prior to filing this suit. Appellee specifically denied the truth of all the allegations urged by appellant, and affirmatively alleged that appellant did not in fact desire separation from him, but was induced to leave him by the influence, persuasion, and domination of her mother, who had always opposed the marriage of appellee and appellant. Upon trial before jury verdict was for appellee, denying the divorce. Judgment was in accordance with the verdict. The testimony supports the verdict of the jury, and for that reason it becomes unnecessary to detail the evidence.

[1-3] The first assignment of error complains of the second paragraph of the court's charge. By said paragraph the court told the jury that if they believed "plaintiff separated from defendant and now seeks a divorce from him because of the influence, if any, of her mother over her, and not because of the excesses, cruel treatment, or outrages towards plaintiff by defendant, * * * " to find against appellant. The proposition urged in connection with the quoted charge is that same is misleading and makes appellant's right to divorce turn wholly upon whether appellant's mother influenced her

to bring the suit, and not upon the truth of the allegations of appellant's complaint. For the purpose of correcting the main charge, appellant requested the court to charge the jury "that no matter whether * * * plaintiff's mother opposed the marriage of plaintiff and defendant or their living together or not, still if you believe from the evidence that defendant was guilty of cruelty that would render the living together of plaintiff and defendant insupportable to plaintiff," to find for appellant. This requested charge was refused by the court, and we conclude the refusal was error, since the evidence upon the issue of the influence of appellant's mother was conflicting, and would have supported a finding by the jury either way. The effect of the charge was to tell the jury, even though the charges of cruel treatment, excesses, etc., were believed to be true, to nevertheless find against appellant, if her mother "influenced" her to to bring the suit. We do not believe it is sound in law to say that a legal right is lost because the one to whom the right accrues is influenced or induced by another to assert it. Particularly is the rule unsound as applied to a proceeding for divorce for two reasons: First, because, as was said in Blackburn v. Blackburn, 16 Tex. Civ. App. 564, 42 S. W. 132, of a charge practically identical with the one at bar, such a charge authorizes the finding of a verdict upon the issue alone that the parent had induced the wife to leave her husband, and not upon the untruth of the charges alleged as a basis for the divorce. It is true that in the instant case the court did tell the jury, in the first paragraph of the charge, if they believed appellee to be guilty of the charges of cruel treatment, etc., alleged by appellant, to find for appellant, but in effect destroyed the force of any testimony adduced to establish such charges when by the succeeding paragraph further told them if they believed appellant filed the suit because of the influence of her mother and not because of the cruel treatment, etc., to find for appellee. An analysis of the charge makes it clear that the jury may have believed the appellee was guilty, as charged, but that notwithstanding the divorce could be denied if appellant's mother influenced her to file the suit. Second, because if the issue of the mother's influence in this proceeding is available at all, such influence must be that influence which is known to the law as undue influence, which is variously defined by courts and authors to be that dominion or domination acquired by any person over the mind of another sane person to such extent as to destroy the exercise of the discretion and free will or choice of such other person. Millican v. Millican, 24 Tex. 426; Goodloe v. Goodloe, 47 Tex. Civ. App. 493, 105 S. W. 533. For, as said by this court in Smith v. Smith,

153 S. W. 918, quoting from Wetz v. Schneider, 34 Tex. Civ. App. 204, 78 S. W. 396:

"Not every influence brought to bear upon the mind of a testator by a beneficiary will be classed as undue influence. Persuasion, entreaty, cajolery, importunity, argument, intercession, and solicitation are permissible, and cannot be held to be undue influence, unless they subverted and overthrew the will of the testator, and caused him to do a thing that he did not desire to do."

It is further said in Smith v. Smith, supra, as original comment, and applicable to the case at bar, that:

"By the very nature of the marital relation the wife as a rule does have, and ought to have, influence over her husband, but such influence is not regarded by the law as undue influence. To be such under the law it must be so great as to overthrow the mind of the husband, and the wife's will so dominate his that hers is substituted for his and what he does is not of his own free will, but her judgment is substituted for his and his acts are not in accord with his own desires or wishes."

None of the definitions or modifications of the rule of undue influence just stated was submitted by the court to the jury in the instant case, notwithstanding such rule was the one pleaded by appellee and under which all testimony in relation to that issue was developed, and it was improper to charge merely upon the issue of influence without defining same and modifying the application of the rule.

[4] Appellant also requested the court to charge the jury "that a single act of personal violence by the husband to the wife as a blow with the fist or hand may be sufficient cause for divorce." Said special charge was refused and such refusal is assigned as error. Miller v. Miller, 72 Tex. 250, 12 S. W. 167, and Huilker v. Huilker, 64 Tex. 3, supports the rule announced by the special charge, provided the jury believe that such single and sole acts of personal violence, if true, render the living together of the parties insupportable. There was testimony of a number of acts of cruel treatment and some of personal violence proven at trial, and under the authority of the cases cited appellant was entitled to have same submitted to the jury in the manner indicated by the special charge for determination, and we are unable to say from an inspection of the evidence that the failure to do so is harmless.

[5, 6] It is also argued, though not covered by any objection or requested charge, that the court's instruction on the burden of proof required appellant to disprove appellee's allegations of undue influence on the part of her mother. The burden of proof never shifts from the plaintiff at trial to establish the affirmative facts necessary to sustain his or her cause as portrayed by the pleading. Southwestern Telegraph & Telephone Co. v. Luckett, 127 S. W. 856. It may be said that the same burden is always upon the defendant to establish all affirmative defenses urged in bar of plaintiff's cause of action. The court's failure to so charge in the instant case on the issue of undue influence, however, is not available as error, since the record fails to show any objection to the charge on that ground, or request for special charge in that respect.

For the reasons indicated the judgment will be reversed, and the cause remanded for another trial.