## CONTINENTAL GIN CO. v. GARDNER.*
(No. 8709.)

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1923. Rehearing Denied Feb. 24, 1923.)

1. **Judgment 256(2)—Jury's answer to issue whether plaintiff agreed that party assuming notes sued on should be sole debtor held to support judgment.**

In an action on notes and to foreclose a chattel mortgage securing them, where the court submitted the issue whether plaintiff agreed that a third person assuming payment of the notes should be the sole debtor, and that defendant should be released from liability, the jury's answer, "Yes; we, the jury, find in favor of defendant," was a sufficient finding on which to base a judgment; being clear, distinct and definite, and conveying no other idea than that plaintiff so agreed.

2. **Judgment 256(2)—Answer to special issue is basis for judgment, however worded, if it constitutes finding of disputed fact which question seeks to settle.**

If the jury's answer to a special issue constitutes a clear and definite finding of a disputed fact which the question seeks to settle it is a finality, however worded, and constitutes the basis of a judgment.

3. **Pleading 192(2)—Allegations held sufficient as against special exceptions or demurrer on ground of uncertainty or general demurrer for absence of facts relied on.**

Allegations of defendant's answer that, after executing notes sued on, he sold the property mortgaged to secure them to another, who assumed payment, and, at plaintiff's direction, signed his name on the backs thereof, and that plaintiff accepted his assumption of payment, thereby accepting him as its debtor on the notes "in lieu of this defendant," *held* a sufficient plea of novation as against special exceptions on the grounds of vagueness and indefiniteness or general demurrer for absence of allegations of facts relied on.

4. **Novation 5—Third party's assumption of debt by mutual assent of parties constitutes novation.**

If the parties assent to the extinguishment of an old debt by agreeing that a third party exclusively shall assume it, and the latter, acting within the understanding, assumes the sole liability, there is a novation, and the original debtor is discharged.

5. **Novation 5—Creditor's agreement to accept third party as payor, and to discharge original debtor, sufficient to constitute novation.**

While novation is made by contract only, and is subject to all the rules governing con-

tracts, such as those requiring necessary parties to the undertaking, an existing, valid obligation, a mutual agreement, and a proper consideration, a creditor's agreement to accept a third party agreeing to pay the debt as payor instead of the original debtor, and to discharge the latter from his obligation, constitutes a valid novation, and finally discharges the original debtor.

**6. Witnesses ☞264—Permitting defendant to return to stand to testify as to plaintiff's agreement to look to third party for payment of notes sued on held within sound discretion of trial judge.**

Permitting defendant, in an action on notes, to return to the witness stand, after having testified on direct and cross-examination, to testify for the first time that plaintiff agreed to look to a third party, who agreed to pay the notes, and to release defendant from liability thereon, *held* within the sound discretion of the trial judge.

**7. Novation ☞12—Defendant's testimony held sufficient to establish novation.**

In an action on notes, defendant's testimony that plaintiff agreed to discharge him from liability, and accepted a third party, who agreed to assume payment of the notes, as its debtor in his place, *held* sufficient to establish such fact.

Appeal from District Court, Dallas County; E. B. Mure, Judge.

Action by the Continental Gin Company against H. H. Gardner and another. Judgment for defendant Gardner, and plaintiff appeals. Affirmed.

Coke & Coke, of Dallas, for appellant.

Spence, Haven & Smithdeal, of Dallas, for appellee.

HAMILTON, J. This is an appeal from a judgment rendered against appellant upon the answer of a jury to a special issue submitted in the trial court.

Appellant sold H. H. Gardner certain gin machinery, and Gardner executed and delivered to appellant his promissory notes secured by a chattel mortgage upon the machinery, the notes representing the purchase price of the machinery. While these notes and the mortgage incumbrance upon the property securing them were in existence appellee sold the property to J. W. Thompson, who assumed as a part of the purchase price the indebtedness to appellant. After Thompson assumed the payment of the notes they were extended from time to time by appellant, and, finally, after demand for payment, and after Thompson had defaulted, appellant instituted suit against both Gardner and Thompson for recovery upon the notes and for foreclosure of the chattel mortgage. Thompson did not resist the suit, but Gardner answered, and defended upon the ground, among others not necessary to mention, that the contract upon which Thompson's liability to appellant rested constituted a novation of the orginal undertaking between appellant and appellee by the terms of which appellee became absolved from liability and the whole of the liability was transferred exclusively to Thompson.

The three principal points upon which the appeal is rested may be succinctly stated as follows:

Appellant contends that the answer given by the jury to the special issue submitted is meaningless, and, accordingly, does not express a finding upon which a judgment can be based.

Secondly, appellant contends that all those parts of appellee's answer to the petition wherein appellee attempts to set forth as a defense a novation of the contract were characterized by the frailties of vagueness and indefiniteness to that extent which renders them wholly impotent to constitute a plea of novation; that they express mere legal conclusions, and supply to appellant no notice of the facts which were to have been relied upon as a defense to this cause of action, and, accordingly, the court committed error in refusing to sustain appellant's special exceptions to this effect directed against those portions of the answer.

The third principal ground relied upon by appellant is that the record discloses no consideration for a release by appellant of appellee, and therefore, even if such contract as appellee asserts to have been made was in fact made, it would for this reason be without any legal effect.

The issue submitted to the jury by the trial court was as follows:

"When Gardner sold and conveyed to J. W. Thompson the gin machinery described in the chattel mortgage given by Gardner to Ennis Munger, trustee, and as part consideration thereof Thompson assumed the payment of Gardner's two notes to Continental Gin Company, and when he (Thompson) indorsed said notes in plaintiff's office, then was it or not agreed by Continental Gin Company, acting through John A. Pope, that Thompson should be the sole debtor on said notes and that Gardner should be released from liability thereon?"

The jury's answer in response to this question was in the following language:

"Yes; we, the jury, find in favor of defendant, H. H. Gardner."

[1, 2] We think the answer made by the jury to the question submitted is clear, distinct, and definite, and that it conveys the idea, and no other, that appellant agreed that Thompson should be the sole debtor on the notes, and that Gardner should be released. It is immaterial what language or form of expression a jury uses to inform the court of its findings upon a special issue, just so the answer, however worded, constitutes a

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

response to the question, conveying a clear and definite meaning as to what the jury has found. If an answer constitutes a finding of a disputed fact which the question seeks to settle, it is a finality, and constitutes the basis of a judgment.

[3] The special exceptions which were overruled by the court, and of the overruling of which exceptions appellant complains, it seems to us, comprehended both a general demurrer and special exceptions to that portion of the answer which undertook to plead as a defense novation of contract. They complain of the insufficiency of the allegations on this feature of the case, not merely because of vagueness and indefiniteness of statement, but also because of absence of allegations of facts to be relied upon as a defense. But, considered either as special exceptions or as in the nature of a general demurrer to the allegations of novation, we do not think the court committed any error in refusing to sustain them. We deem it unnecessary to set out in this connection all that portion of the petition excepted to. We deem it sufficient merely to state, in substance, the elements of fact alleged. Appellee pleaded that after the notes sued upon were executed by him he sold all the property mortgaged to secure them to Thompson, and that, as a part of the consideration for the purchase by Thompson, the latter specially assumed the payment of the notes according to their terms, tenor, and effect. He alleged that the transaction was well known to appellant, and that it in part was consummated in appellant's office at its place of business in Dallas, Tex., and that, when appellant was informed of the sale, and requested to produce the notes so that Thompson might evidence his agreement to pay them by signing his name on them, they were produced by appellant, tendered to Thompson for his signature, and, at appellant's direction, Thompson signed his name upon the backs of them, thereby making them his own, and that "plaintiff (appellant) accepted the said J. W. Thompson's assumption of the payment thereof, and his agreement with this defendant to pay the same in accordance with their terms, tenor, and effect, and thereby recognized and accepted the said J. W. Thompson as its debtor on said notes in lieu of this defendant."

[4] The effect of the allegation, in our view, is to declare that Thompson agreed to become exclusively liable for appellee's indebtedness; that appellant agreed that appellee's liability should cease, and that it would look solely to Thompson for payment. If the parties at interest assent to the extinguishment of an old debt by agreeing that a third party exclusively shall assume it, and such third party, acting within the understanding, assumes the sole liability, this is a novation, and the original debtor is discharged. A new obligation is thereby substituted for the existing one, and liability is thereafter against the debtor therein to the exclusion of the original debtor.

We hold the view that the allegations readily could have been rendered more full and explicit, and we are constrained to suggest that, although the allegations are to be considered as meeting the requirements of the rules of pleading, yet contentions could be obviated and time conserved by the exercise of greater care on the part of members of the bar than that evidenced in this pleading to render their allegations in such cases as this so specific, clear, and definite as to avoid any question or contention on the part of opposing counsel to be disposed of by appellate courts.

[5] The third above-designated ground of complaint we do not regard as meritorious. It is true that novation is made by contract, and in no other way, and it is subject to all the rules which cover the field of contracts in general. That is to say, there must be necessary parties to the undertaking, there must be an existing, valid obligaton to be displaced, there must be a mutual agreement, and there must be a proper consideration. However, it seems to be well settled that, if a creditor owes a debtor money, and a third party agrees to pay the debt to the creditor, and the creditor agrees to accept such third party instead of the original debtor as payor of the debt, and also agrees to discharge the original debtor from his obligation, this is sufficient to constitute a valid novation, and finally discharge the original debtor.

[6] Complaint is made that the court erred in permitting appellee to testify that appellant agreed to look to Thompson and to release appellee from liability on the notes, for the reason that appellee was recalled to the stand near the conclusion of the trial and permitted to give such evidence after he had already previously fully testified, the testimony not being in rebuttal of any evidence offered by appellant. It is argued in this same connection that appellee had been on the stand, had testified on direct examination and on cross-examination, and had given no evidence tending to the effect that appellant had agreed to release him from the indebtedness, and that, under these conditions, the court excused him from the witness stand, permitted him to go into consultation with his attorneys, and thereafter return to the witness stand and give this evidence for the first time, over appellant's objection and protest. This is a matter which we think was in the sound discretion of the trial judge, and we are not warranted in saying, under the record, that this discretion was abused in the conduct complained about.

[7] The pleadings put in issue the question of whether or not appellant agreed to discharge appellee from his original undertaking and accepted Thompson as its debtor in his place. If Gardner's testimony is true (and the jury passed upon both its weight and his

credibility), then there was evidence sufficient to establish the fact. The issue was definitely submitted to the jury in the charge of the court, and the jury's answer was a finding that such was the fact.

The judgment of the trial court accordingly must be affirmed.

Affirmed.