## MIKOLOJCZAK v. MIKOLOJCZAK.
### (No. 8806.)

(Court of Civil Appeals of Texas. Galveston. March 11, 1926.)

1. **Divorce ⬅=➡37(1)—Abandonment by wife requires her to have voluntarily left bed and board of husband for three years with intention of permanent abandonment.**

To constitute abandonment as ground for divorce, wife must have voluntarily left bed and board of husband for three years with intention of permanent abandonment.

2. **Divorce ⬅=➡109, 124.**

Husband bringing divorce suit has burden of establishing cause of action by preponderance of evidence.

3. **Trial ⬅=➡352(1)—Manner and form of submitting special issues are matters of procedure within discretion of trial judge.**

Where court's charge is correct, manner and form in which questions were submitted to jury on special issues as well as language used were matters of procedure within discretion of trial judge.

4. **Divorce ⬅=➡184(12)—Proof of wife's offers to live with husband more than three years subsequent to beginning of separation period held not reversible error.**

Where wife, defendant in divorce suit, alleged and introduced evidence that she had at all times been ready to live with husband, that mistreatment by husband and parents had been original cause of her leaving, and his unwillingness to remove objectionable conditions had prevented her return, proof of offers to return more than three years subsequent to beginning of separation period was not reversible error.

5. **Divorce ⬅=➡119—In suit for divorce for desertion, proof of mistreatment of defendant wife by parents of husband introduced to justify wife's leaving held not objectionable as acts of third parties, where husband compelled wife to live with his parents.**

Where wife sued for divorce alleged and testified that husband failed to provide her suitable place to live, placing her on property of his parents, who mistreated her, proof of such mistreatment is not objectionable as being act of third parties not shown to have been at husband's cause or consent.

Appeal from District Court, Washington County; J. B. Price, Judge.

Divorce action by Tado Mikolojczak against Mary Mikolojczak. Judgment for defendant, and plaintiff appeals. Affirmed.

W. J. Embrey, of Brenham, for appellant.
W. W. Searcy, of Brenham, for appellee.

GRAVES, J. [1, 2] This suit was one for divorce, tried below before a jury, under a charge from the court correctly stating the nature of the proceeding and the gist of the pleadings, which, after appending by inclosure in parentheses the jury's answers to the special issues, we here copy in full:

"This suit is brought by the plaintiff, Tado Mikolojczak, against Mary Mikolojczak to dissolve the bonds of matrimony now existing between them on the ground that the defendant voluntarily abandoned his bed and board, with the intention of permanent abandonment, and has so abandoned him for a space of three years or more. The defendant answered plaintiff's petition by a general denial, and, further, that she left him on account of his cruel and inhuman treatment, and did not abandon him voluntarily, and that she has at all times been ready to live and cohabit with him as his wife.

"1. In order to constitute abandonment the defendant must have voluntarily left the bed and board of the plaintiff for the space of three years, with the intention of permanent abandonment.

"2. The burden of proof is on the plaintiff to establish his cause of action by a preponderance of the evidence, and you will decide the issues herein submitted to you from a preponderance of the evidence.

"3. You are the exclusive judges of the credibility of the witnesses, and of the weight to be given to their testimony, but you are bound to receive the law as herein given you and be governed thereby.

"4. In answering the special issues herein submitted to you, you will be governed by the foregoing instructions:

"Special Issue No. 1: Did the defendant, without any cause being given her for so doing, voluntarily leave the bed and board of the plaintiff for the space of three years, with the intention of permanently abandoning him? Answer 'Yes' or 'No,' as you may find. (Answer: No.)

"Special Issue No. 2: Did the plaintiff by his cruel and unkind treatment of her cause the defendant to abandon him? Answer 'Yes' or 'No,' as you may find. (Answer: Yes.)

"Special Issue No. 3: Has the defendant in good faith offered to go back to the plaintiff under conditions that are reasonable and proper? Answer 'Yes' or 'No,' as you may find. (Answer: Yes.)"

Judgment denying the plaintiff a divorce followed, and he appeals to this court. A reversal is sought for alleged errors in the court's charge, on account of the admission of certain testimony over objection, and because of remarks of counsel of the opposing party which it is claimed were improper.

---

⬅=➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(283 S.W.)

[3] After a most careful examination of the record, inclusive of the statement of facts, we conclude that no prejudicial error has been shown. We think the court's charge a fair presentment of the issues raised by the pleadings and the evidence and a correct statement of the law as applicable thereto; that being true, the manner and form in which the questions were submitted to the jury, as well as the language used in so doing, were matters of procedure within the discretion of the trial judge, and those tendered by the appellant instead, wherever applicable to the facts developed, were merely different ways of stating the same thing.

Neither are we able to hold that the admission of the testimony objected to constituted such denial of plaintiff's rights as probably caused the rendition of an improper judgment against him. It may be that some of the testimony objected to was not strictly relevant to the issues, but if so, we have become convinced, on reading the evidence as a whole, that it did not induce the finding that appellant was not entitled to the divorce he sought; it is clear from the entire body of the evidence that his failure to make out the case he alleged to the satisfaction of the jury was responsible for that, and he makes no attack upon the verdict as being without sufficient evidence to support it.

Under this conclusion, which has been carefully arrived at, we deem it unnecessary to set out or discuss seriatim the large number of objections thus made; some of them were trivial, some inapplicable under what had already been brought out, and, as before stated, none pointed out matters reasonably calculated to have resulted in the denial of justice to appellant.

[4] Much of the argument for prejudicial error in the admission of the testimony rests upon the view that it only related to matters happening or conditions existing more than three years after the separation of the parties —a time when the alleged abandonment right had matured—for instance that by and in behalf of the wife concerning her offers to return to appellant; but the contention is improperly so predicated, such not being the defense interposed by the appellee under either her pleading or proof. She averred that she had at all times been ready to live with him as his wife, that the mistreatment of her by himself and his parents had been the original cause of her leaving, and that his subsequent unwillingness to remove the conditions bringing this about had continuously prevented her return, supporting such claim by testimony. In such circumstances, the court's permitting a repetition of these offers at the time of the trial by herself and her attorney, although more than three years subsequent to the beginning of the separation period, was plainly not such error as should cause a reversal of the judgment.

[5] Appellant also labors under a misapprehension, we think, as to the legal effect of these alleged acts of mistreatment of the appellee by his parents; he urges that they were irrelevant and immaterial, being the acts of third parties not shown to have been "at his cause, procurement, or consent," and consequently that testimony relating to them was not admissible. In other circumstances, or abstractly, that objection might be good, but here the appellee alleged and testified that he failed to provide her a suitable and wholesome place in which to live, situating her upon the property of his parents, where they themselves not only continually mistreated and humiliated her, but caused him also to do likewise, and refused to either remedy those conditions or go elsewhere with her for a continuation of their married life together.

It is not necessary to here make a public record of the particular things she charged, but, if they were true, he was clearly as much responsible for them as if they had been directly "at his cause, procurement, or consent." He placed his wife in such surroundings, knowingly permitted the visitation upon her of their effects, and declined to in any way relieve her of them, thereby becoming as much responsible for them as he would have been for voluntarily subjecting his family to any other obnoxious, dangerous, or impossible living conditions. Proof of them was therefore properly received.

Further discussion is deemed unnecessary: under the conclusion that the evidence sustains the verdict, and that the judgment was properly entered thereon, an affirmance will be ordered.

Affirmed.