## BALLARD v. BALLARD.

### No. 11478.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 7, 1945.

E. H. Crenshaw, Jr., of Kingsville, for appellant.

Gus L. Kowalski, of Kingsville, and B. D. Tarlton, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a divorce suit brought by the wife, Evelyn Ballard, against the husband, L. H. Ballard. The "cruel treatment" section of the divorce statutes was relied upon as grounds for divorce. Article 4629, Sec. 1, Vernon's Ann.Civ.Stats. Judgment denying a divorce was rendered upon a jury finding. Evelyn Ballard brings the case here.

By her first point, appellant contends that the jury's answer to Special Issue No. 1 is meaningless and will not support the judgment.

No objection was made in the court below to the form of the charge nor to the definitions given in connection with the issue which read as follows:

"Has the defendant, L. H. Ballard, been guilty of excesses, cruel treatment or outrages toward the plaintiff, Evelyn Ballard, of such a nature as to render their further living together insupportable?"

The jury were instructed to answer the question, "He has" or "He has not." The jury answered, "Have Not."

We think it appears from the jury's answer that a negative reply to the issue was

intended. This intention could have been expressed by the words suggested by the court—"He has not," by a simple "no" or by the statement that said excesses, etc., have not been committed. From the words "have not," the latter form of expression may be implied. The only alternative is that the jury meant "He has not" and made a grammatical mistake in using the plural form of the verb rather than the singular. Whichever view be taken, the negative nature of the answer is apparent. Appellant's first point is overruled. Moore v. Moore, 67 Tex. 293, 3 S.W. 284; Continental Gin Co. v. Gardner, Tex.Civ. App., 248 S.W. 92; Penn v. Briscoe County, Tex.Civ.App., 162 S.W. 916; 41 Tex. Jur. 1218, § 354.

Appellant's second point presents the contention that the jury finding is contrary to and wholly unsupported by the evidence.

Appellant and appellee gave two different versions of an occurrence which took place during October of 1942. At this time, according to the wife, the husband made a brutal assault upon her; striking her on the side of the face with the palm of his hand and knocking her to the floor. She further testified that when she attempted to rise from the floor her husband struck her again.

The husband admitted that he had lost his temper and slapped his wife upon the occasion mentioned. This incident took place during a quarrel over the disciplining of a small daughter born to the couple. He testified that the blow was not of sufficient force to knock his wife down, but that she slipped on a loose rug. He denied striking his wife a second time. He further testified that within a short time after this unfortunate occurrence he apologized to his wife and sought her forgiveness for his action.

The wife testified to certain subsequent acts on the part of the husband which might be described as unseemly and violent. This testimony was, however, flatly contradicted by that of the husband. The undisputed evidence discloses but one instance of the employment of physical force by the husband against the wife.

It appears that for seven months after October, 1942, the parties occupied the same house, although occupying different rooms. The wife did leave this residence for various visits to relatives, but so far as outward appearances were concerned, they were living together as man and wife during this period of time.

Appellee made no attack upon his wife's character. He maintained that he still loves her, and professed great love and affection for his minor daughter. He further testified that he was willing to do everything possible to provide a suitable home for his minor daughter and his wife.

 In Powell v. Powell, Tex.Civ. App., 170 S.W. 111, 113, it was held, upon authority of Miller v. Miller, 72 Tex. 250, 12 S.W. 167, and Huilker v. Huilker, 64 Tex. 1, 3, that "a single act of personal violence by the husband to the wife as a blow with the fist or hand may be sufficient cause for divorce," but we know of no case which holds that as a result of a single act of violence, a divorce must be granted as a matter of law. Speer's Law of Marital Rights in Texas, p. 733, § 600. "In its last analysis it is a question of fact to be determined by the jury or court to which the fact is referred as to whether the matters alleged and proved 'are of such a nature as to render their living together insupportable.'" Caywood v. Caywood, Tex.Civ. App., 290 S.W. 889, 891. · See also Rogers v. Rogers, Tex.Civ.App., 70 S.W.2d 211.

 The credibility of the husband or wife as a witness and the weight to be given such testimony are matters for the determination of the court or jury trying the case. Article 4633, Vernon's Ann.Civ. Stats. This Court in determining whether or not the evidence is sufficient to support a jury finding in a divorce case employs the same rules and tests that are used in determining the sufficiency of the evidence in civil actions generally. Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231. By applying those rules in this case, we come to the conclusion that the evidence is sufficient to support the jury's finding. The evidence is not such as compels an affirmative finding in favor of appellant as a matter of law.

 In order to obtain a divorce in this State by means of a trial to a jury, Article 4632, Vernon's Ann.Civ.Stats., requires that the plaintiff procure jury findings affirming the material facts alleged in the petition; save and except as to those facts only which are established as a matter of law, and consequently need not be submitted to the jury under our special issue practice. Scannell v. Scannell, Tex.Civ. App., 117 S.W.2d 538, 545. Plaintiff must

also satisfy the mind of the trial judge that the evidence relied upon to support a decree of divorce is "full and satisfactory." Article 4632, Vernon's Ann.Civ.Stats; Moore v. Moore, 22 Tex. 237; McCrary v. McCrary, Tex.Civ.App., 230 S.W. 187.

Appellee, in his brief, contends that the evidence relied upon by appellant was not "clear and satisfactory," and for that reason the judgment should be affirmed. We do not, however, base our decision on the proposition suggested. The trial court rendered judgment on the finding of a jury which had support in the evidence. There is no occasion to discuss the evidence from the standpoint of the "full and satisfactory" rule. The trial court rendered the only judgment that could have been properly rendered in view of the jury's finding. Hansen v. Hansen, Tex.Civ.App., 96 S.W.2d 548.

The judgment of the trial court is affirmed.