Anna Marie (Annette) PILEGGI, Appellant,

v.

Anthony J. PILEGGI, Appellee.

No. 15010.

Court of Civil Appeals of Texas, San Antonio.

Sept. 22, 1971.

Rehearing Denied Oct. 13, 1971.

Benjamin D. Lucas, San Antonio, for appellant.

Raul Villarreal, San Antonio, for appellee.

————◆————

CADENA, Justice.

This is a divorce case, but none of the thirty points of error presented by appellant, Anna Marie (Annette) Pileggi, plaintiff below, challenge that portion of the judgment which dissolves the marriage between plaintiff and defendant, Anthony J. Pileggi.

The case is before us without a statement of facts embodying the evidence introduced during the trial of the case. Under these circumstances, the scope of review is significantly limited. We must presume that sufficient evidence was presented to support the verdict of the jury

and the judgment of the court. Lane v. Fair Stores, 150 Tex. 566, 242 S.W.2d 683 (1951).[1]

The first two points complain of the fact that the trial court considered testimony of defendant which plaintiff asserts amounted to perjury. Since the testimony is not before us, we cannot consider these points.

Points three through eleven assert that the trial court abused its discretion in the manner in which it dealt with the community estate of the parties and in refusing to appoint a receiver to sell such estate and divide the proceeds between the parties. Again, in the absence of a statement of facts, we must assume that the trial judge properly exercised his discretion and that, under the evidence, the orders of the trial court relating to the community estate are fair and just to both parties.

Plaintiff's complaints concerning the exclusion of certain evidence offered by her cannot be considered. The excluded evidence, of course, is not before us. Even if we were inclined to accept as true the statements in plaintiff's brief concerning the nature of the excluded testimony, it would be impossible, in the absence of a statement of facts, to determine whether the error, if any, in excluding it was harmful to the extent that it requires a reversal. Rules 434 and 503, Texas Rules of Civil Procedure; Dennis v. Hulse, 362 S.W.2d 308 (Tex.1962). These observations dispose of plaintiff's points 12, 20, 22, 23 and 25.

The twenty-first point challenges the trial court's refusal to allow plaintiff to present evidence necessary to perfect a bill of exception in connection with the exclusion of additional testimony concerning defendant's earnings and ability to contribute to the support of the minor child of the parties. Plaintiff made her offer of proof at the beginning of the hearing on her motion for new trial. The trial court, after pointing out that the purpose of the hearing was to consider the motion for new trial, stated that the testimony would not be received *at that time*. We cannot say that this represents more than a proper concern for orderly procedure. In the absence of anything to indicate that plaintiff made any other effort to perfect her bill, it cannot be said that the record supports plaintiff's claim that she was denied an opportunity to make the required offer of proof.

Points 24, 26, 27, 28, 29 and 30 assert that the trial court erred in refusing to allow plaintiff to introduce evidence in support of her motion for new trial. The motion does not allege the existence of newly discovered evidence. It is clear that the proferred testimony related to issues which were litigated during the course of the trial and which were disposed of by the judgment. The transcript of the hearing on the motion for new trial supports the conclusion that the proferred testimony was available to plaintiff during the trial. The evidence was properly rejected. See 4 McDonald, Texas Civil Practice, New Trial, Secs. 18.16.1–18.16.5, pp. 285–291 (1971).

1. The five issues submitted to the jury were limited to inquiries concerning the existence of grounds for divorce, custody of the minor child of the parties, and attorney's fees. The jury found that: (1) defendant had not been guilty of cruelty; (2) the marriage had become insupportable because of discord or conflict of personalities of such nature as to destroy the legitimate ends of the marriage relationship and prevent any reasonable expectation of reconciliation; (3) the best interest of the minor child would be served by awarding custody to plaintiff; (4) plaintiff filed and maintained the divorce suit in good faith and on probable cause; and (5) $7,300.00 would be a reasonable attorney's fee for counsel for plaintiff.

Questions relating to the division of the community estate and the amount of child support to be paid by defendant were left to be determined by the trial judge.

Points 13 and 14 complain of the trial court's failure to grant plaintiff's first and second motions in limine. Plaintiff's brief does not indicate the portions of the transcript where such motions, or the rulings thereon, appear. The index to the transcript does not indicate the presence of such motions nor of the rulings thereon. We decline to search through the more than 100 pages of transcript in order to ascertain the cause and nature of plaintiff's complaint. The same must be said of plaintiff's fifteenth point, which brands as error the court's refusal to suppress or disregard evidence of liens imposed on the community estate by defendant after the suit for divorce was filed. In addition, in the absence of a statement of facts, we cannot determine whether evidence of the existence of such liens was offered, admitted or considered by the court.

Point 16 is not briefed and, therefore, will not be considered. Rule 418(c), T.R.C.P.; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943).

Point 17, concerning the refusal of the trial court to permit plaintiff to file a trial amendment alleging adultery on the part of defendant, presents no reversible error since the trial court granted a divorce on other grounds. Point 18, which is not briefed, is merely a repetition of point 17.

Plaintiff's nineteenth point, complaining of the trial court's refusal to grant plaintiff's motion for an instructed verdict requires an evaluation of the evidence. In the absence of a statement of facts, this evidentiary point cannot be considered.

In her brief, plaintiff argues that the trial court erred in treating the item of $7,300.00, which amount the jury found to be a reasonable fee for plaintiff's attorney, as a community debt rather than charging the entire amount to defendant. This complaint is not raised in plaintiff's motion for new trial, nor does plaintiff's brief contain any point challenging this action. In any event, absent a statement of facts, we cannot say that the trial court abused its discretion in treating attorney's fees as a community debt. Lotz v. Lotz, 185 S.W.2d 481 (Tex.Civ.App.—Galveston 1945, no writ).

The judgment of the trial court is affirmed.