Joe Ann L. McKIBBIN, Appellant,

v.

Veryl L. McKIBBIN, Appellee.

No. 15109.

Court of Civil Appeals of Texas, San Antonio.

Dec. 13, 1972.

Garcia, Hernandez & Campos, San Antonio, for appellant.

Carter, Callender & Branton, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by the wife from a judgment entered on a jury verdict whereby a divorce was decreed on the husband's petition that the marriage had become insupportable. See Section 3.01, Texas Family Code, Vernon's Tex.Rev.Civ.Stat.Ann. There is no statement of facts.

Appellant complains by her single assignment of error that the trial court erred in granting a divorce, since there is no finding by the trial court or the jury that the verdict or judgment is supported by full and satisfactory evidence. The charge of the court, which was submitted without objection, required the jury to find "from a preponderance of the evidence" that the marriage had become insupportable. The decree of divorce recites that ". . . the Court finds that a divorce should be granted severing the bonds of matrimony between the parties." Appellant urges that the decree must fail since it must be based on full and satisfactory evidence. See Section 3.64, Texas Family Code, Tex.Rev.Civ.Stat.Ann.; Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, no writ).

In the absence of an objection to the court's charge, appellant may not now complain of the form of this special issue. Rule 274, Texas Rules of Civil Procedure. In any event, it is settled that the statutory admonition regarding the quantum of evidence necessary to support a decree of divorce is directed to the court and does not establish a different rule to guide jurors as to the burden of proof. Moore v. Moore, 22 Tex. 237 (1858); McGlathery v. McGlathery, 429 S.W.2d 187 (Tex.Civ.App.—Amarillo 1968, no writ); Mikolojczak v. Mikolojczak, 283 S.W. 328 (Tex.Civ.App.—Galveston 1926, no writ); McCrary v. McCrary, 230 S.W. 187 (Tex.Civ.App.—Fort Worth 1921, no writ). Although the trial judge must be satisfied that the evidence is full and satisfactory before granting a divorce, there is no requirement that he affirmatively declare same. Hodges v. Hodges, 207 S.W.2d 943 (Tex.Civ.App.—Fort Worth 1948, no writ); Ballard v. Ballard, 186 S.W.2d 294 (Tex.Civ.App.—San Antonio 1945, no writ).

Since there is no statement of facts before us, we must presume that sufficient evidence was presented to support the verdict of the jury and the judgment of the court. Pileggi v. Pileggi, 471 S.W.2d 586 (Tex.Civ.App.—San Antonio 1971, no writ). Appellant's point complaining of the quantum of evidence is overruled.

Appellant does not have a separate point complaining of the trial court's action in *granting* her motion to disregard the answers of the jury to Special Issues Nos. 2 and 3, but does urge in a paragraph under the single assignment of error heretofore discussed that the court erred in disregarding said answers. By these answers the jury found that appellee was domiciled in Iowa when he entered the service in 1948, and that Iowa had continued to be his domicile. Appellee sought such a finding in an effort to avoid the effect of the Texas Community Property laws. It is seen that the·trial court granted appellant's motion to disregard these findings and considered all property as community property. Appellant obviously makes no complaint of such action. Nevertheless, she would be estopped from doing so in view of her own motion to disregard the answers to such issues.

The judgment is affirmed.

CADENA, Justice (concurring).

I concur in the result. However, insofar as the quantum of proof in a divorce case is concerned, I would overrule appellant's point solely on the ground that she failed to object to the special issues as submitted. I do not understand the meaning of the phrase, "full and satisfactory evidence," and experience great difficulty in accepting a rule which requires that a disputed issue of fact be resolved according to two different standards of proof by two separate fact finders.·