ROSE MADDOX
*v.*
JAMES MADDOX.

*Opinion filed February 20, 1901.*

1. DIVORCE—*cruelty must consist of acts of physical violence.* Cruelty, to be ground for divorce under the statute in this State, must consist of acts of physical violence.

2. SAME—*denial of ordinary comforts is not cruelty.* Want of civil attentions and denial of ordinary comforts and accommodations in the home are not sufficient to constitute cruelty such as will be ground for divorce.

*Maddox* v. *Maddox,* 91 Ill. App. 150, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

W. C. JOHNS, for plaintiff in error.

REDMON & HOGAN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the Appellate Court for the Third District, seeking to reverse a judgment of that court affirming a decree of the circuit court of Macon county sustaining a demurrer to the bill of complaint of Rose Maddox. The prayer of her bill was for a divorce, on the ground of extreme and repeated cruelty. It is alleged that the parties were married in November, 1887; that they lived together until January 7, 1897; that defendant was an able-bodied, vigorous man, able to earn support for himself and his family; that, regardless of his marriage vows, he was guilty of extreme, repeated and continuous cruelty to complainant, in that he failed to provide for her and her children a suitable place in which to live, but provided one wholly unfit for human habitation, notwithstanding other places were accessi-

ble, whereby she and her children were exposed to severe winter weather and suffered from extreme cold, and in that he failed to provide her and her children with sufficient clothing to protect them from the cold, whereby they suffered exposure of their persons, and also in that he negligently failed to provide her and her children with sufficient food and nourishment; that on the 7th day of January, 1897, being a bitter-cold day, she was compelled to and did abandon the uninhabitable place in which she had been compelled to live, etc. In other words, the charge throughout is that defendant cruelly and heartlessly neglected complainant, failing to provide her with suitable shelter, clothing and food.

The question to be determined here is, do the facts, as alleged, under the decisions of this court, constitute "extreme and repeated cruelty," within the meaning of section 1 of chapter 40 of the Revised Statutes, entitled "Divorce." The section provides: "That in every case in which a marriage has been, or hereafter may be contracted and solemnized between any two persons, and it shall be adjudged, in the manner hereinafter provided, that either party * * * has been guilty of extreme and repeated cruelty, * * * it shall be lawful for the injured party to obtain a divorce and dissolution of such marriage contract."

The question as to what constitutes cruelty, as contemplated by our statute, has been repeatedly considered and decided by this court, and while each case must necessarily be adjudged by itself, in view of its own peculiar facts and circumstances, yet it has been uniformly held that cruelty, as a ground for the granting of a divorce, must consist of acts of physical violence. As was said in *Harman* v. *Harman*, 16 Ill. 85 (on p. 90): "There must be acts or threats which may raise a reasonable apprehension of bodily hurt. The causes must be grave and weighty, and show a state of personal danger incompatible with the duties of married life. It is not mere

austerity of temper, petulance of manners, rudeness of language, a want of civil attentions, occasional sallies of passion, denials of little indulgences and particular accommodations, and which do not threaten bodily harm. These are not legal cruelty." (See the case of *Fizette* v. *Fizette*, 146 Ill. 328, where the foregoing language is quoted with approval and numerous other cases to the same effect are cited.) The facts alleged in this bill show a want of civil attention and a denial of ordinary comforts and accommodations, but these, under the foregoing decisions, are not sufficient to constitute cruelty, such as is contemplated by the statute as a ground for divorce.

However strongly the allegations of this bill and the arguments of counsel may appeal to the sympathy of the court, it is too clear for argument that unless we shall overrule the uniform line of decisions cited above, the judgment of the Appellate Court must be affirmed. The right to a divorce in this State is regulated by statute, and can only be decreed by the courts for some one of the causes therein enumerated. It does not follow that because the wife may be unable to bring herself within the requirements of the law so as to obtain a legal separation from a husband, she must therefore suffer from his neglect and continue to reside with him, but she may, if not herself in fault, live separate and apart from him, compelling him to provide her with the necessaries and comforts of life, according to his ability to do so. The persuasive argument of counsel for the plaintiff in error might with propriety be made before the legislature in support of enactments to meet a case like one here presented, though we express no opinion on that subject; but it is not for the court to add to the statute by way of judicial legislation.

We think the decree of the circuit court and the judgment of the Appellate Court are in harmony with the long established rule in this State, and they will be affirmed.                    *Judgment affirmed.*