AXTMAYER, APPELLANT, *v.* ORTIZ, RESPONDENT.

APPEAL from the District Court of San Juan, Section 1.

No. 943.—Decided May 19, 1913.

APPEAL—STATEMENT OF CASE.—A statement of the case which lacks the approval of the trial judge has no legal value.

ID.—BRIEF OF APPELLANT—ASSIGNMENT OF ERRORS.—When the brief of the appellant does not contain the assignment of errors required by rules 42 and 43 of this court, the court may pass over any errors which are not of a fundamental nature apparent from the transcript of the record.

DIVORCE—CRUEL TREATMENT.—In determining generally what conduct on the part of one of the spouses constitutes cruel treatment, the statutory provisions, the circumstances of each case, the physical and mental condition and the social status of the parties should be considered.

ID.—COHABITATION—MARITAL DUTIES.—The mere withdrawal from the marital bed unaccompanied by the abandonment of other marital duties is not a ground for divorce.

The facts are stated in the opinion.
*Mr. E. B. Wilcox* for appellant.
*Mr. Francisco Socorro* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This is a suit for divorce brought by the husband, Henry Axtmayer, against his wife, Dolores Ortiz, on June 4, 1912, seeking a divorce on the ground of great and intolerable cruelty resulting in grave injury to the plaintiff by which he was compelled to leave his house and seek residence elsewhere. This cruelty is alleged to have consisted in a persistent and continuous neglect by the wife of the children of the marriage and the failure to discharge her household duties and refusal to cohabit with the plaintiff, the exhibition of an incessant bad temper and the use of spiteful and abusive language toward the plaintiff and absolute failure to perform all wifely duties. The defendant denied all the essential allegations in plaintiff's complaint, and, by way of cross-bill sought a divorce on the ground of cruel treatment in the form of rough and rude words used by plaintiff toward her, such as "dirty," "hoggish," "swinish," "shameless, like all other Porto Ricans;" which injuries are alleged to have produced in the defendant and counter-plaintiff profound and great ill health, as a result of which the defendant became seriously sick and confined to her bed; and further, the counter-plaintiff alleges that on repeated occasions during the space of four months, more or less, the plaintiff, her husband, had treated her cruelly, throwing into her face with malicious rudeness and violence tablespoons, causing her an injury in the face. Upon a trial of the cause and hearing of the testimony, judgment was rendered dismissing the complaint and sustaining the counter-complaint of the defendant, refusing the divorce to the husband and granting it to the wife.

It was from this judgment that the appeal herein was taken on November 4 last, and the transcript duly filed in this court for review. What purports to be a statement of the case appears in the transcript, but it is signed only by the counsel for the appellant and lacks the approval of the judge. It cannot be accepted as complying with the law and the rules

of this court, and hence we must consider this case as though no statement of facts were contained in the record. Nor does the brief of appellant's counsel assign or specify the errors alleged to have been committed by the court below, in accordance with the rules 42 and 43 of this court, for which reasons we could pass over any questions which do not present a fundamental error apparent from the transcript. Nevertheless, we have examined the so-called statement of the case and the evidence included therein, and have carefully read the briefs and all other essential parts of the transcript.

It seems that the appellant claims a reversal of this case, because the facts do not show that he was guilty of the cruel treatment alleged by the respondent. The evidence on many points, as far as can be gleaned from the imperfect transcript, is contradictory, and if portions of it could be examined, it sufficiently appears that all the material allegations in the counter-complaint were sufficiently proven. Both parties seek the divorce on the ground of cruel treatment or grave injury, which is the fourth cause specified in section 164 of the Civil Code for the granting of a divorce to either husband or wife. None of the other seven causes are applicable to the pleadings or the facts in this case. This is a common statutory ground in nearly all the States for divorce, although the statutes differ in their language, many of them describing the offense as extreme cruelty or cruel and inhuman treatment, or language of similar import. In determining generally what conduct on the part of either of the spouses constitutes cruelty, we must observe the provisions of the statutes and the circumstances of each particular case, always remembering the physical and mental conditions of the parties and their character and social status. *Fleming* v. *Fleming,* 95 Cal., 430; *Maddox* v. *Maddox,* 189 Ill., 152; *Huilker* v. *Huilker,* 64 Tex., 1. The conduct between the parties should at least be shown to be such as render cohabitation intolerable; and though in some States actual bodily harm or apprehension thereof need not be shown, the treatment must have

been such as to destroy the peace of mind and happiness of the injured party to such an extent as to endanger the health or utterly defeat the legitimate objects of the marriage. *Felton* v. *Felton*, 94 Iowa, 739; *Ellison* v. *Ellison*, 65 Neb., 412; *Olberding* v. *Gohres*, 107 La., 715.

It has been held that systematic and continued use by the husband of vile, profane and unkind language in the presence of and toward the wife, causing mental suffering and threatening permanent injury to her health, entitles her to a divorce. However, mere rudeness of language, petulance of manner or austerity of temper, which does not injure or menace the health of the complaining party is not a sufficient ground, as it does not constitute legal cruelty. *Andrews* v. *Andrews*, 120 Cal., 184; *Fitzpatrick* v. *Fitzpatrick*, 47 N. Y. Suppl., 737; *Braun* v. *Braun*, 194 Pa. St., 287; *Shaw* v. *Shaw*, 17 Conn., 189; *Duberstein* v. *Duberstein*, 171 Ill., 133; *Freeborn* v. *Freeborn*, 168 Mass., 50.

The plaintiff complains of a refusal of conjugal rights, and the proof is contradictory on this point. We find that in some States a persistent and continued refusal of marital intercourse by one of the spouses without causes of justification constitutes desertion, although the parties still live under the same roof. By the weight of authority however the mere withdrawal from the marital bed is not sufficient to constitute such an offense. There must be a substantial abandonment of other marital duties also. *Fritz* v. *Fritz*, 138 Ill., 436; *Throckmorton* v. *Throckmorton*, 86 Va., 768; *Fink* v. *Fink*, 137 Cal., 559.

It will be observed that the plaintiff, while complaining that the defendant denied him conjugal rights, classes these acts as *cruelty* and not as *desertion,* alleging the cruelty to consist, among other things, of a refusal to cohabit with the plaintiff. It is not so classed in the decisions which we have been able to examine; and in many cases it has been held that the refusal of cohabitation must be denied to such an extent as to compel the injured party to leave the family

home, and this result must have been intended by the guilty party and only amounts to desertion upon the lapse of the statutory period required therefor. *Holston* v. *Holston,* 23 Ala., 777; *Sisemore* v. *Sisemore,* 17 Oregon, 542; *Camp* v. *Camp,* 18 Tex., 528.

Desertion could not have been made a ground for the granting of the divorce in this case, even if it had been proven, because it could not have been continued for sufficient time to comply with the statute. Looking at the complaint of the plaintiff in this light, it is extremely doubtful whether or not it alleged facts sufficient to constitute a cause of action; that is to say, whether the facts set out therein would amount to cruel treatment or grave injury, as required by the statute.

Then, from an examination of the facts alleged in the pleadings and such of them as may appear from the so-called statement of the case to have been proven on the trial, we arrive at the conclusion that the plaintiff, the husband, has failed to make out a case entitling him to a divorce; but that the defendant, the wife, has shown sufficient cause, if the evidence which may be gleaned from the transcript is credible, and it was so considered by the trial court, to grant her the divorce, as was done by the judgment from which this appeal was taken.

Accordingly, after a careful review of the record in this case, we must arrive at the conclusion that nothing is shown therein on which to base the reversal of the judgment rendered by the district court in refusing the divorce to the plaintiff and granting it to the defendant in this cause. The judgment of the court below should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.