AXTMAYER, APELANTE, *v.* ORTIZ, APALADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 943.—Resuelto en mayo 19, 1913.

APELACIÓN—EXPOSICIÓN DEL CASO.—Una exposición del caso sin la aprobación del juez sentenciador carece de valor alguno legal.

ID.—ALEGATO DEL APELANTE—EXPOSICIÓN DE ERRORES.—Cuando el alegato del apelante no contiene la exposición de errores que exigen los artículos 42 y 43 del reglamento de este tribunal, esta corte puede pasar por alto los errores no puntualizados que no sean de carácter sustancial y aparezcan de los autos.

DIVORCIO—TRATO CRUEL—CIRCUNSTANCIAS QUE DEBEN APRECIARSE.—Para determinar en general si la conducta de uno de los cónyuges constituye trato cruel, debe tenerse en cuenta la ley, las circunstancias de cada caso, el estado físico y mental de las partes y su posición social.

ID.—COHABITACIÓN—ABANDONO—DEBERES MATRIMONIALES.—La mera negativa de uno de los cónyuges a cohabitar con el otro sin abandonar todos los demás deberes matrimoniales, no constituye motivo de divorcio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. B. Wilcox.*

Abogado de la apelada: *Sr. Francisco Socorro.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente es una acción de divorcio entablada por el marido Henry Axtmayer contra su esposa Dolores Ortiz el día 4 de junio de 1912, en la que solicitaba se decretara el divorcio por el fundamento de trato cruel e intolerable que ocasionó un grave perjuicio al demandante, con motivo del cual se vió obligado a abandonar su casa y a vivir en otra parte. Se alega que este trato cruel consistió en el constante y persistente abandono por parte de la esposa de los hijos de su matrimonio así como en no cumplir sus obligaciones domésticas y haberse negado a hacer vida marital con el demandante; mostrar constantemente mal carácter y emplear lenguaje despreciativo y abusivo hacia el demandante y una negligencia absoluta a cumplir todos sus deberes de esposa. La demandada negó todas las alegaciones esenciales de la

demanda presentada por el demandante, y por vía de contra-
demanda solicitó el divorcio fundado en trato cruel por las
palabras groseras y ásperas que empleaba el demandante al
dirigirse a ella, así como las de "sucia," "puerca," "co-
china," "sin vergüenza como todas las demás puertorrique-
ñas," cuyas injurias se alega que produjeron a la demandada
y contrademandante un grave y gran perjuicio en su salud,
dando esto por resultado que la demandada se enfermara
gravemente y se viera obligada a guardar cama; y además
alega la contrademandante, que repetidas veces durante un
período de cuatro meses más o menos su esposo, el deman-
dante, la trató cruelmente tirándole cucharas a la cara con
ordinariez y violencia premeditada, que le causó una lesión en
la misma.   Celebrado el juicio de este pleito y oída la prueba
del mismo, se dictó sentencia desestimando la demanda y
declarando con lugar la contrademanda formulada por la
demandada, negándose el divorcio solicitado por el deman-
dante y decretándose éste a favor de la esposa.

Contra esta sentencia fué que la apelación en este caso
se interpuso el día 4 de noviembre último, habiendo sido
remitida debidamente la transcripción a este tribunal para
su revisión.   En los autos aparece lo que se dice ser una
exposición del caso, pero está firmada únicamente por el
abogado del apelante y carece de la aprobación del juez.
No puede admitirse que en ella se cumple con la ley y las
reglas de este tribunal, por lo que debemos considerar este
caso como si no se hubiera presentado en los autos ninguna
relación de hechos.   Tampoco se determinan o especifican
en el alegato del apelante los errores que se alegan fueron
cometidos por la corte inferior de conformidad con las reglas
42 y 43 de este tribunal, por cuyas razones debemos hacer
caso omiso de todas aquellas cuestiones en las cuales no
aparezca de los autos que se ha cometido ningún error funda-
mental.   Esto no obstante, hemos examinado la llamada ex-
posición del caso y la prueba contenida en la misma y a la

vez hemos leído cuidadosamente los alegatos y todas las demás partes esenciales de la transcripción.

El apelante, al parecer, funda la revocación de la sentencia en este caso, en que los hechos no muestran que fuera él culpable del trato cruel que ha sido alegado por la apelada. La prueba es contradictoria en muchos particulares tanto como puede verse de la defectuosa transcripción, y si ésta puede ser examinada, de la misma aparece de modo suficiente que todas las alegaciones esenciales de la contrademandante quedaron satisfactoriamente probadas. Ambas partes solicitan el divorcio por el fundamento de trato cruel, o injurias graves, o sea la cuarta causa que determina el artículo 164 del Código Civil, para que pueda decretarse el divorcio a favor del marido o de la esposa. Ninguna de las otras siete causas son de aplicación a las alegaciones o hechos de este caso. Este es un fundamento legal corriente en casi todos los Estados en casos de divorcio y si bien las disposiciones de los estatutos varían algo en su contenido, muchas de ellas determinan la ofensa como crueldad extrema o trato cruel e inhumano, o lenguaje parecido a éste. Al determinar cuál es la conducta que generalmente puede constituir crueldad por parte de cualquiera de los esposos debemos tener en cuenta las disposiciones de los estatutos y las circunstancias de cada caso en particular, tomando siempre en consideración las condiciones físicas y morales de las partes así como el carácter y condición social de las mismas. *Fleming* v. *Fleming,* 95 Cal., 430; *Maddox* v. *Maddox,* 189 Ill., 152; *Huilker* v. *Huilker,* 64 Tex., 1. Por lo menos debe probarse que la conducta entre las partes es tal que hace intolerable la vida conyugal; y aunque en algunos Estados no es necesario probar que realmente ha habido daño corporal o temor de que se cause, sin embargo, la conducta debe ser de tal naturaleza que destruya la tranquilidad de espíritu y felicidad de la parte agraviada, de manera tal que perjudique a su salud o anule enteramente los fines legítimos del matri-

monio. *Felton* v. *Felton,* 94 Iowa, 739; *Ellison* v. *Ellison,* 65 Nebr., 412; *Olberding* v. *Gohres,* 107 La., 715.

Se ha resuelto que el uso sistemático y continuado de lenguaje soez, blasfemo y áspero por parte del marido en presencia de la mujer y dirigido a ella, que le cause sufrimiento mental y que pueda convertirse en un daño permanente para su salud, le da derecho a que se decrete el divorcio a su favor. Sin embargo, la mera aspereza de lenguaje, mal genio o rigorismo de carácter que no perjudica o quebranta la salud del demandante, no es un fundamento suficiente puesto que no constituye el trato cruel a que la ley se refiere. *Andrews* v. *Andrews,* 120 Cal., 184; *Fitzpatrick* v. *Fitzpatrick,* 47 N. Y. Suppl., 737; *Braun* v. *Braun,* 194 Pa. St., 287; *Shaw* v. *Shaw,* 17 Conn., 189; *Duberstein* v. *Duberstein,* 171 Ill., 133; *Freeborn* v. *Freeborn,* 168 Mass., 50.

El demandante alega una negativa por parte de su esposa a cumplir con sus obligaciones conyugales y la prueba es contradictoria en cuanto a ese punto. Encontramos que en algunos Estados la persistente y continuada negativa por parte de uno de los esposos a hacer vida marital, sin que exista una justa causa para ello, constituye un abandono aunque las partes continúen viviendo en la misma casa. Sin embargo, de acuerdo con la mayoría de las autoridades, la mera separación del lecho marital no es suficiente motivo para constituir tal ofensa. Es necesario que exista también un completo abandono de otras obligaciones conyugales. *Fritz* v. *Fritz,* 138 Ill., 436; *Throckmorton* v. *Throckmorton,* 86 Va., 768; *Fink* v. *Fink,* 137 Cal., 559.

Deberá notarse que si bien el demandante alega que la demandada se negó a cumplir con sus obligaciones conyugales, clasifica, sin embargo, estos actos como constitutivos de *crueldad* y no de *abandono,* y alega que la crueldad consiste entre otras cosas en la negativa a hacer vida común con el demandante. No se encuentra así establecido en las resoluciones que hemos podido examinar y en muchos casos se ha resuelto que la negativa a hacer vida común debe ser

de tal naturaleza que obligue a la parte agraviada a abandonar el hogar de su familia, y que éste haya sido el fin perseguido por la parte culpable, lo que solamente constituye un abandono al transcurrir el término que el estatuto fija para el mismo. *Holston* v. *Holston,* 23 Ala., 777; *Sisemore* v. *Sisemore,* 17 Oregon 542; *Camp* v. *Camp,* 18 Texas, 528.

En este caso no hubiera podido alegarse como fundamento de divorcio el abandono aun cuando se hubiera probado el mismo, por no haber sido continuado por tiempo suficiente para cumplir con el estatuto. Examinando la demanda presentada por el demandante bajo este aspecto, resulta enteramente dudoso el hecho de si en la misma se alegaron hechos suficientes para constituir una causa de acción; o sea si los hechos en ella expresados constituyeron el trato cruel o las injurias graves con arreglo al estatuto.

Por consiguiente, habiendo examinado los hechos a que se ha hecho referencia en las alegaciones y aquellos de los mismos que según la llamada exposición del caso fueron probados en el juicio, llegamos a la conclusión de que el esposo demandante no ha presentado un caso que le dé derecho a que se decrete el divorcio a su favor; sino que, por el contrario, su esposa, la demandada, ha mostrado causa suficiente, si pueden examinarse las pruebas que resultan de la transcripción, como así lo consideró la corte sentenciadora, para que se conceda el divorcio a favor de ésta como se hizo en la sentencia contra la cual se interpuso la presente apelación.

De conformidad con esto y después de un estudio detenido de los autos que han sido presentados en este caso, debemos llegar a la conclusión de que no existe en ellos absolutamente nada en que pueda fundarse la revocación de la sentencia dictada por la corte de distrito negando el divorcio al demandante y decretándolo a favor de la demandada en este caso. La sentencia de la corte inferior debe ser confirmada en todos sus particulares.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.