# 97 DTA 172

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
### PANEL I

JEANETTE M. CURET RIVERA
Recurrida

v.

DEPARTAMENTO DE EDUCACION, ESTADO LIBRE ASOCIADO DE PUERTO RICO; HAROLD RIVERA LEBRON, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS
Peticionarios

Núm. KLCE-97-00456

San Juan, Puerto Rico, a 20 de agosto de 1997

Panel integrado por su Presidente, Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Pesante Martínez

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El Estado Libre Asociado de Puerto Rico *("E.L.A.")* y el Departamento de Educación *("Departamento")* representados por el Procurador General *("Procurador")* recurren de una resolución del Tribunal de Primera Instancia, Sala Superior de Guayama, emitida el 12 de diciembre de 1996 notificada copia de su archivo en autos el 24 de febrero de 1997. También recurre Harold Rivera Lebrón *("Rivera")* en su capacidad de funcionario público representado por el Procurador, de otra resolución emitida por el referido foro el 7 de abril de 1997, notificada copia de su archivo en autos el 14 de abril de 1997. Mediante los referidos dictámenes, el foro de instancia le anotó la rebeldía al Departamento, al E.L.A. y a Rivera por éstos no haber contestado a tiempo la demanda que sobre Discrimen por Razón de Sexo, presentara Jeanette M. Curet Rivera *("Curet")* ante dicho foro.

### II

Surge de los escritos que el 19 de agosto de 1996, Curet presentó demanda sobre discrimen por razón de sexo contra el Departamento, el E.L.A. y Rivera. Alegó, entre otras cosas, ser la Supervisora de Comedores Escolares en el Departamento, prestando sus servicios en la Región Educativa de Caguas/Guayama; que el co-demandado Rivera, quien para la fecha de los hechos ocupaba una posición de Superintendente Interino de Escuelas, era su supervisor inmediato; que para finales de agosto y principios de septiembre de 1995 comenzó a notar que Rivera la hostigaba sexualmente y ante su rechazo éste adoptó una actitud de represalia y persecución en su contra; que por razón de lo anterior ésta presentó querella al Departamento denunciando el alegado hostigamiento sexual al cual estaba siendo sometida por Rivera y que el Departamento jamás actuó sobre su querella. Reclamó $200,000.00 como compensación por todos los daños sufridos.

El Departamento y el E.L.A. fueron emplazados el 8 de octubre de 1996, mientras que se diligenció el emplazamiento y la demanda en la persona de Rivera el 9 de octubre de 1996. Transcurridos más de los sesenta (60) días que dispone la Regla 10.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.1, para notificar la contestación a la demanda, sin que el Departamento, el E.L.A. y Rivera lo hubiesen hecho, el 9 de diciembre de 1996 Curet solicitó al foro de instancia le anotara la rebeldía a éstos.

El 11 de diciembre de 1996, el Departamento y el E.L.A. notificaron su contestación, reconvinieron y levantaron varias defensas afirmativas. El 13 de diciembre de 1996 el foro de instancia ordenó a las partes comparecer el día 10 de febrero de 1997 a las 8:30 a.m. a una conferencia inicial sobre los procedimientos a seguirse en el caso. Tras haberse iniciado el descubrimiento de prueba sin que Curet hubiese contestado dentro del término dispuesto por el ordenamiento procesal un primer interrogatorio que le remitiera el E.L.A., éste solicitó a instancia una orden al amparo de la Regla 34.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 34.1, para que se ordenara a Curet contestar lo solicitado en el interrogatorio. ■

El 16 de enero de 1997, Curet presentó *"MOCION REITERANDO SOLICITUD DE ANOTACION DE REBELDIA"*, en la que, entre otras cosas, alegó que la contestación a la demanda fue presentada

fuera de término, por lo que el Departamento, el E.L.A. y Rivera se encontraban en rebeldía e imposibilitados de iniciar el descubrimiento de prueba. Instancia señaló la discusión de la referida moción para el día 10 de febrero de 1997.

Así las cosas, el 24 de febrero de 1997 instancia notificó una resolución que emitiera el 12 de diciembre de 1996, declarando Ha Lugar la moción que presentara Curet el 9 de diciembre de 1996 solicitando anotación de rebeldía contra el Departamento y el E.L.A. Por su parte, el 26 de febrero de 1997, el E.L.A. presentó ante instancia una moción solicitando se dejare sin efecto la anotación de rebeldía. Argumentó que a la luz de la jurisprudencia interpretativa de la Regla 45.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.3, por causa justificada el tribunal podía dejar sin efecto la anotación de rebeldía. Ello así, por razón de que la contestación a la demanda fue puesta en el correo el mismo día en que vencía el término de sesenta (60) días que dispone la Regla 10.1, *supra*, el caso era uno de alto interés público donde se ostentaban defensas válidas y el dejar sin efecto la rebeldía no causaría perjuicio alguno a Curet.

El 5 de marzo de 1997 Curet presentó *"MOCION EN OPOSICION A MOCION SOLICITANDO SE DEJE SIN EFECTO ANOTACIÓN DE REBELDIA"*, argumentando que no le·era de aplicación al caso de autos la Regla 45.3 de Procedimiento Civil, *supra*. Por último, con igual fecha presentó *"MOCION DE RECONSIDERACION"* solicitando al tribunal reconsideración a la orden de 12 de diciembre de 1996 en la que se le anotó la rebeldía al E.L.A. y al Departamento a los efectos de que se le anotara también la rebeldía a Rivera por éste haber contestado la demanda fuera de los sesenta (60) días dispuestos en la referida Regla 10.1 de Procedimiento Civil, *supra*.

Tras varias mociones presentadas por las partes para sustanciar sus respectivas posiciones, el foro de instancia en los primeros tres días del mes de abril de 1997, procedió a resolver cada una de ellas. En síntesis determinó dicho foro anotarle la rebeldía al Departamento, al E.L.A. y a Rivera.

Inconforme con el dictamen, el Departamento, el E.L.A. y Rivera recurren ante nos imputándole al foro de instancia error al haberle anotado la rebeldía, no obstante éstos haber sido diligentes al contestar la demanda. El error fue cometido. Veamos porqué.

### III
En esencia se le imputa al Tribunal de Primera Instancia el haber errado al no reconocer como improrrogables el término de sesenta (60) días dispuesto en la Regla 10.1 de Procedimiento Civil, *supra*, para contestar una demanda, cuando entre los demandados se encuentre el E.L.A., sus funcionarios o una de sus instrumentalidades que no fuera una corporación pública y los municipios de Puerto Rico.

La Ley Núm. 66 del 5 de julio de 1988 enmendó la Regla 10 de Procedimiento Civil, *supra*, para darle un trato distinto al Estado Libre Asociado de Puerto Rico y a cualquier parte en un pleito en que éste fuere parte, para contestar la demanda, la demanda contra co-parte o su réplica a una reconvención. La Regla 10.1 vigente, según enmendada dispone:

*Un demandado deberá notificar su contestación dentro de veinte (20) días de habérsele entregado copia del emplazamiento y de la demanda. Si el emplazamiento se hiciere conforme a lo dispuesto en la Regla 4.5, el demandado deberá notificar su contestación dentro de los treinta (30) días de haberse publicado el edicto. La parte a la cual se notifique una alegación que contenga una demanda contra co-parte en su contra, notificará copia de su contestación a la misma dentro de diez (10) días de haber sido notificada. El demandante notificará su réplica a una reconvención, así denominada en la contestación dentro de diez (10) días de notificada la contestación, o si el tribunal ordenare una réplica dentro de diez (10) días de notificada la orden, a menos que éste disponga otra cosa. **Cuando el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, y los municipios de Puerto Rico sean parte de un pleito, cualquier parte notificará su contestación a la demanda, su contestación a una demanda contra co-parte en su contra, o su réplica a una reconvención, dentro del término improrrogable de sesenta (60) días de habérsele entregado copia del emplazamiento y la demanda.***

*La notificación de una moción permitida por esta regla altera del modo siguiente los términos*

*arriba prescritos, a menos que por orden del tribunal se fije un término distinto: (1) si el tribunal deniega la moción o pospone su resolución hasta que se celebre el juicio en sus méritos, la alegación correspondiente deberá ser notificada dentro de los diez (10) días siguientes a la notificación de la orden del tribunal; (2) si el tribunal declara con lugar una moción para una exposición más definida, deberá notificarse copia de la alegación respondiente dentro de los diez (10) días siguientes a la notificación de la exposición más definida."* (Énfasis suplido)

Originalmente, esta regla disponía que todo demandado debía notificar su contestación dentro de los veinte (20) días luego de habérsele entregado copia del emplazamiento y la demanda. Bajo ese estado de derecho, el Estado Libre Asociado de Puerto Rico sus funcionarios e instrumentalidades se encontraban en igualdad de condiciones con los demás litigantes. Posteriormente, la Asamblea Legislativa enmendó la Regla 10.1 de Procedimiento Civil, *supra*, a los fines de aumentar de veinte (20) a sesenta (60) días el término dentro del cual debería presentarse la contestación a la demanda o la demanda contra co-parte o la réplica a la reconvención en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades, que no fueren corporaciones públicas, fueren parte. Pasemos a detallar los eventos que conformaron el trámite legislativo correspondiente a la aprobación de la Ley Núm. 66 del 5 de julio de 1988, *supra*. El 4 de marzo de 1988 fue radicado ante la Cámara de Representantes de Puerto Rico el proyecto número 1376, en adelante el P. de la C. Núm. 1376, el cual proponía enmendar la Regla 10.1 de Procedimiento Civil, *supra*, a los fines de extender de veinte (20) a sesenta (60) días el término para presentar alegaciones responsivas en aquellos casos donde el Estado Libre Asociado de Puerto Rico, sus funcionarios o sus instrumentalidades, que no fueren corporaciones públicas, fueren parte.

El 8 de marzo de 1988 fue radicado ante el Senado de Puerto Rico el proyecto número 1427, en adelante el P del S. Núm. 1427. La Comisión de lo Jurídico, presidida por el señor Senador Francisco Aponte Pérez, rindió el 8 de abril de 1988 un informe ante el Senado, recomendando la aprobación sin enmiendas de dicho proyecto. █

Por otro lado, al igual que ocurrió con el P. del S. Núm. 1427, el 25 de abril de 1981 fue aprobado sin enmiendas el P. de la C. Núm. 1376 en votación final, con veintidos (22) votos a favor, tres (3) en contra y una (1) abstención. Este proyecto era idéntico en su totalidad al P. del S. Núm. 1427.

De igual manera lo era la exposición de motivos de ambos proyectos, la cual disponía:

*"El Artículo 64 del Código Político de Puerto Rico de 1902, según enmendado, 3 L.P.R.A. Sec. 72, dispone que el Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico en todas las demandas y procesos civiles o criminales en que fuere parte y cuando fuere requerido por el Gobernador o por cualquier Jefe de Departamento, podrá representar también, ante cualquier tribunal, a cualquier funcionario, empleado o agente del Gobierno Estatal que demandare o fuere demandado en su capacidad oficial."*

Cónsono con esta función, los incisos (f) y (g) de la Regla 4.4 de las de Procedimiento Civil de 1979 disponen que en toda demanda contra el Estado Libre Asociado de Puerto Rico, sus funcionarios o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, se entregará copia de la demanda y el emplazamiento al Secretario de Justicia.

Surge de las disposiciones antes citadas, que corresponde al Secretario de Justicia el deber de representar legalmente al Estado Libre Asociado de Puerto Rico, sus funcionarios e instrumentalidades en la mayoría de los casos que se presentan contra o a nombre del Estado ante el Tribunal de Justicia de Primera Instancia. La representación legal del Estado Libre Asociado de Puerto Rico, sus funcionarios e instrumentalidades la asumen distintas Divisiones del Departamento de Justicia.

A fin de descargar responsablemente su deber y brindar una representación legal efectiva, estas Divisiones generalmente tienen que realizar una serie de trámites, consultas e investigaciones con los funcionarios o instrumentalidades concernidos antes de poder proceder a contestar la demanda, la demanda contra co-parte o reconvención en el pleito.

Estas gestiones, aunque resultan indispensables, consumen prácticamente todo el trámite de que dispone el Estado para presentar su escrito por lo cual los abogados no cuentan con el tiempo necesario para realizar estos trámites y prepararse y contestar adecuada y responsablemente la demanda, la demanda contra co-parte o la reconvención.

Por consiguiente, se considera conveniente, necesario y de gran interés público que se enmiende la Regla 10.1 de las de Procedimiento Civil para el Tribunal General de Justicia de 1979, según enmendadas, a los efectos de aumentar a sesenta (60) días el término dentro del cual deberá presentarse la contestación a la demanda o a la demanda contra co-parte o la réplica a la reconvención, en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades, que no sean corporación pública, sean parte.

La enmienda propuesta ha sido reconocida en el ámbito federal desde 1937. La Regla 12(a) de Procedimiento Civil Federal, según enmendada, (Rule 12(a) of Civil Procedure) dispone que los Estados Unidos, o uno de sus funcionarios o instrumentalidades deberá presentar la contestación a la demanda, demanda contra co-parte o la réplica a la reconvención dentro de los sesenta (60) días de habérsele entregado el emplazamiento y la demanda. En todos los demás casos el plazo para contestar es de veinte (20) días.

Además, la enmienda propuesta es armónica con la enmienda efectuada por la Ley Núm. 143 de 18 de julio de 1986 al Inciso (b) de la Regla 53.1 de las de Procedimiento Civil para el Tribunal General de Justicia de 1979, según enmendada. Esta ley amplió de treinta (30) a sesenta (60) días el término para formalizar el recurso de revisión en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o sus instrumentalidades, que no fueren corporación pública, sean parte en el pleito.

La aprobación de esta enmienda asegurará que el Estado Libre Asociado, sus funcionarios o instrumentalidades cuenten con un plazo adecuado para proteger los intereses del Pueblo de Puerto Rico, sin menoscabar los derechos de las otras partes envueltas en el pleito, a quienes también les beneficiará y aplicará la extensión del término.

El 11 de mayo de 1988 se presentó ante la consideración de la Cámara de Representantes por primera vez el P. de la C. Núm. 1376, el cual proponía una enmienda a la Regla 10.1, *supra*, a los efectos de añadir al final del primer párrafo lo siguiente:

*"REGLA 10. LAS DEFENSAS Y OBJECIONES*

*Regla 10. Cuándo se presentan*

\*\*\*\*\*\*\*\*\*

*Cuando el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades, que no fuere una corporación pública, sean parte de un pleito, cualquier parte notificará su contestación a la demanda, su contestación a una demanda contra coparte en su contra, o su réplica a una reconvención, dentro de los sesenta (60) días de habérsele entregado copia del emplazamiento y la demanda.*

El 9 de mayo de 1988, el Presidente de la Comisión de lo Jurídico Civil, el Sr. José R. Varela Fernández rindió un informe ante la Cámara de Representantes, el cual establecía lo siguiente:

*El propósito de la medida es el de proveerle al Departamento de Justicia un término de 60 días para realizar alegaciones responsivas en los casos en que el Estado Libre Asociado de Puerto Rico sea parte. Se considera que esta extensión del tiempo para contestar o realizar alegación responsiva sea suficiente para que el Estado pueda defenderse adecuadamente en todas las acciones en que fuera parte.*

*Al presente, el Estado cuenta con un término de 20 días provisto por la Regla 10.1 de Procedimiento Civil, en igualdad de condiciones con los demás litigantes. Debido al cúmulo de*

*trabajo que recae sobre los abogados de la División de Litigios del Departamento de Justicia, éstos se ven precisados continuamente a solicitar prórrogas para alegar. Con la aprobación de esta medida enmendatoria de la Regla 10.1 se le provee a los abogados del Estado con tiempo suficiente para poder investigar sus casos y radicar las alegaciones responsivas que procedan. Con el objeto de darle un tratamiento igual a todas las partes a un pleito en el cual el Estado sea parte, la medida provee que en dichos casos todas las partes contarán con el mismo término de 60 días para realizar alegación responsiva.*

*Por los motivos indicados, se recomienda la aprobación del P. de la C. 1376, sin enmiendas.*

Una vez presentado el proyecto ante la consideración de la Cámara de Representantes, éste fue aprobado sin enmiendas siguiendo las recomendaciones del Informe de la Comisión de lo Jurídico Civil. Más adelante, luego de haber sido aprobada la medida el representante señor Santiago García, solicitó autorización para hacer unas expresiones en relación al P. de la C. Núm. 1376, solicitud que le fue concedida. Procedemos a transcribir dichas expresiones, según constan en el Diario de Sesiones correspondiente a los procedimientos celebrados el 11 de mayo de 1988 en la Cámara de Representantes:

*"SR. SANTIAGO GARCIA: Señor Presidente, el P. de la C. 1376 propone enmendar el término para contestar demandas contra co-parte, reconvenciones, demandas contra terceros a 60 días en aquellos casos donde el Estado Libre Asociado sea parte.*

*\*\*\*\*\*\*\**

*Me proponía, señor Presidente, introducir una enmienda al Proyecto a los fines de que se dispusiera que el término de sesenta días es improrrogable para obligar de esa forma al Estado a que tenga que contestar la demanda dentro de esos sesenta días que, como hemos indicado en varias ocasiones anteriores, ya lo logran vía las mociones de prórroga. Al disponer que es un término improrrogable prácticamente estaríamos obligando al estado a radicar su contestación dentro de esos sesenta días. Pero no debemos perder de vista que si fuera improrrogable es improrrogable para todas las partes envueltas en aquellos casos donde el Estado de a [sic] parte porque ese es el alcance de la enmienda. Luego de una comunicación con asesores del Departamento de Justicia me pidieron que no introdujera la enmienda de improrrogable porque ellos entendían que no sería necesaria y además porque como he indicado sería improrrogable para todas las partes en el litigio y que hay casos donde posiblemente el término para radicar una alegación responsable podría necesitar un término mayor. Y en ese debate y en esos análisis en cuanto a ventajas y desventajas, los méritos y los deméritos, había desistido de introducir la enmienda de que el término fuera improrrogable. Y hacer esas expresiones de forma tal que si en algún momento se va al historial legislativo de esta medida se entienda con claridad que el término de sesenta días no debe ser prorrogado por los tribunales salvo que haya una situación extraordinaria y que de no hacerlo se puedan afectar derechos básicos, derechos importantes, derechos fundamentales de las partes en litigio. Y que solamente los tribunales puedan conceder una prórroga de este término de sesenta días cuando la justicia lo requiera, cuando sea necesario para hacer justicia a una parte para estarlo prorrogando con liberalidad como actualmente se hace que se solicita casi automáticamente una prórroga de los términos para hacer alegaciones respondientes. Por eso finalmente desistimos, inclusive, de hacer la enmienda de que fuese un término improrrogable porque podemos preveer [sic] que pueda ocurrir alguna situación extraordinaria donde la improrrogabilidad del término frustre la justicia. Pero es nuestro sentir, señor Presidente, que un término de sesenta días debe ser más que suficiente para que una parte que esté envuelta en un pleito donde el Estado a su vez sea una de las partes esos sesenta días deben ser término más que suficiente para formular las alegaciones que correspondan."* (Enfasis suplido).

Con posterioridad a estas expresiones, ese mismo día 11 de mayo de 1988, el señor representante Santiago García solicitó nuevamente fuera considerado el P. de la C. Núm. 1376, pero en esa ocasión motivado por el deseo de proponer una enmienda al proyecto ya aprobado. A continuación exponemos las expresiones del señor representante Santiago García a esos efectos:

*"SR. SANTIAGO GARCIA: Nuevamente ante la consideración del Cuerpo el P. de la C. 1376.*

*SR. VICEPRESIDENTE: Adelante.*

*SR. SANTIAGO GARCIA: Vamos a proponer una enmienda. En el Texto:*

**Página 4, línea 7, luego de 'dentro' insertar 'del término improrrogable'; en la misma línea eliminar 'los'. Esa es la enmienda.** (Enfasis suplido).

*SR. VICEPRESIDENTE: ¿Alguna objeción? No la hay, aprobada.*

*SR. SANTIAGO GARCIA: Señor Presidente.*

*SR. VICEPRESIDENTE: Señor Representante Santiago García.*

**SR. SANTIAGO GARCIA: Claro como está en el registro las expresiones que habíamos hecho anteriormente sobre esta medida, es necesario, pues, aclarar en este momento algo de lo que habíamos indicado.** (Enfasis suplido)

*SR. VICEPRESIDENTE: Adelante*

**SR. SANTIAGO GARCIA: Esta enmienda la habíamos estado considerando desde hace algún tiempo y llegamos a consultar con el Departamento de Justicia que es la agencia que propone esta medida, y por las explicaciones que se nos habían dado estabamos realmente en simpatía con que la medida quedara sin esa enmienda. Hemos vuelto a reflexionar sobre este proyecto y hemos vuelto nuevamente a hablar con la asesora en legislación del Departamento de Justicia y entendemos que la enmienda es realmente necesaria. Debemos aclarar que no se trata de un término jurisdiccional, pero sí de cumplimiento estricto porque, señor Presidente, como el término de sesenta días es aplicable a todas las partes envueltas en el litigio donde el Estado sea parte, quiere decir que podría, inclusive, darse el caso de que se incluyera al Estado como parte en el pleito innecesariamente con el único propósito de aprovecharse de los términos que establece la ley o cuando fuese el Estado el que tuviere la necesidad de traer otra parte los términos serían diferentes y entendemos que al disponer que el término es improrrogable...** (Enfasis suplido).

*SR. VICEPRESIDENTE: Perdóneme, compañero, entendí que no es jurisdiccional pero sí improrrogable. (Enfasis suplido).*

*SR. SANTIAGO GARCIA: No es jurisdiccional...* (Enfasis suplido).

*SR. VICEPRESIDENTE: Pero sí...*

**SR. SANTIAGO GARCIA: Pero de cumplimiento estricto...** (Enfasis suplido).

*SR. VICEPRESIDENTE: Estricto. Muy bien.* (Enfasis suplido).

**SR. SANTIAGO GARCIA: Cumplimiento estricto.** (Enfasis suplido).

*SR. VICEPRESIDENTE: Muchas gracias".*

Solicitada la aprobación de la enmienda al P. de la C. Núm. 1376, ésta fue sometida a votación, resultando derrotada en votación final. ■ El señor representante Santiago García solicitó la reconsideración de la votación final de la enmienda y, una vez ésta fue aprobada, solicitó que la votación final fuera diferida para la próxima sesión, lo que le fue concedido.

En la sesión celebrada el 12 de mayo de 1988, el P. de la C. Núm. 1376 fue sometido nuevamente a votación final, obteniendo en esa ocasión veintiocho (28) votos a favor y doce (12) en contra. Una vez aprobada la medida con la referida enmienda propuesta por el señor representante Santiago García, estableciendo como improrrogable el término de sesenta (60) días para presentar alegaciones

responsivas, ésta fue referida ante la consideración del Senado. El 19 de mayo de 1988 se incluyó el P. de la C. Núm. 1376 en el Calendario de Ordenes Especiales del Senado, siendo éste aprobado sin enmiendas en votación final con veintiún (21) votos a favor y diez (10) en contra.

La medida fue finalmente sometida al Gobernador de Puerto Rico el 6 de junio de 1988, luego de haber sido enmendada por los presidentes de ambas Cámaras de la Asamblea Legislativa el 2 de junio de 1988. Una vez firmada por el Gobernador de Puerto Rico se convirtió en la Ley Núm. 66 de 5 de julio de 1988.

Surge del historial legislativo que el término de sesenta (60) días establecido en la Regla 10.1 de las de Procedimiento Civil, *supra*, dentro del cual deberá presentarse la contestación a la demanda o la demanda contra co-parte o la réplica a la reconvención, en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades, que no sean corporaciones públicas, **sean parte es uno de cumplimiento estricto.** (Enfasis suplido).

La calificación de un término como de cumplimiento estricto, al no alcanzar calidad de condición jurisdiccional, libera al tribunal del automatismo, consecuencia de la rigidez de este último, y salva su fundamental facultad para conocer del caso y proveer justicia, según lo ameriten las circunstancias. *Zambrana Maldonado v. E.L.A.*, 130 D.P.R. ___ (1992), **92 J.T.S. 12,** opinión de 30 de enero de 1992; *Romero Arroyo v. E. L.A.* 128 D.P.R. (1991), **91 J.T.S. 5,** opinión de 24 de enero de 1991; *Meléndez Gutiérrez v. E.L.A.* 113 D.P.R. 811 (1983); *Figueroa v. E.L.A.,* 113 D.P.R 327 (1982); *Banco Metropolitano de Bayamón v. Berríos,* 110 D.P.R. 721 (1981); *Rivera de Vicenti v. E.L A.,* 108 D.P.R. 64 (1978); *Loperena v. E.L.A,* 106 D.P.R. 357 (1977).

Siguiendo la pauta del Tribunal Supremo establecida en *González Santos v. Bourns P.R. Inc.,* 125 D.P.R. 48 (1989), resulta de rigor concluir que no se permitirán presentaciones tardías cuando de términos de cumplimiento estricto se trata, a menos que la demora se justifique detalladamente y a cabalidad. ▮ Queda a la sana discreción de los tribunales determinar si hubo causa justificada para la demora. *González Santos v. Bourns P.R. Inc., supra.*

Existe un claro conflicto entre el sentido literal de la palabra *"improrrogable"* introducida mediante emnienda por el legislador en la Regla 10.1 de Procedimiento Civil, *supra*, para describir el término de sesenta (60) días que tiene cualquier parte en un pleito para contestar la demanda, la demanda contra co-parte y la réplica a la reconvención cuando el Estado es parte, y la clara intención legislativa de adscribirle el de cumplimiento estricto a dicho término.

El proceso de interpretar las leyes es uno de auscultar, averiguar, precisar y determinar cuál ha sido la intención que le dio el legislador a su estatuto. La regla fundamental de interpretación, a la cual todas las demás están subordinadas es la de que la ley debe interpretarse de conformidad con la intención de los que la hicieron. *Secretario del Trabajo v. P.R. Cereal Extracts Inc.,* 83 D.P.R. 267 (1961); *Union Cen. Life Ins. Co. v. Tesorero de P.R.,* 19 D.P.R. 500 (1913). Para ello, debe tomarse en consideración que toda acción legislativa persigue un propósito, trata de corregir un mal, alterar una situación existente, complementar una reglamentación vigente, fomentar algún bien en específico o bienestar en general, reconocer o proteger un derecho, crear una política pública o formular un plan de gobierno entre otras.

En el proceso de encontrar el significado de la ley, el intérprete no debe actuar en desconocimiento de la consecuencia que conlleva la interpretación y debe darle aquella que logre el propósito del legislador.

Nuestra obligación fundamental es la de imprimirle efectividad a la intención legislativa, aun hasta el punto de sustituir o eliminar judicialmente alguna forma específica estatutaria que, con diáfana claridad, haya sido incorporada a un estatuto por inadvertencia o error, hasta el punto de que esa frase derrote obviamente la intención legislativa que surja de la totalidad de la ley, ya que, en esos casos, debe prevalecer la manifiesta intención del legislador sobre la disposición literal del estatuto que esté en conflicto con esa intención. *Díaz Marín v. Municipio de San Juan,* 117 D.P.R. 334 (1986); *Cancora Marina, Inc. v. Secretario de Hacienda,* 114 D.P.R. 248 (1983); *Sierra Berdecía v. Puerto Rico Cereal Extracts,* Inc., 83 D.P.R. 267 (1961); *Calaf v. Secretario de Hacienda,* 76 D.P.R. 577 (1984); *Clínica*

*Juliá v. Secretario de Hacienda,* 76 D.P.R. 509 (1954); *Roig Commercial Bank v. Buscaglia, Tes.,* 74 D.P.R. 986 (1953); *Descartes, Tes. v. Tribunal Contributivo y Sucn. Cautiño,* 71 D.P.R. 248 (1950); *Pueblo v. Mantilla,* 91 D.P.R. 36 (1950); *Banuchi v. Corte,* 64 D.P.R. 112 (1944).

Los tribunales debemos rechazar una interpretación literal de un texto legal que conduzca a un resultado distinto al que intentó el legislador.

En el caso de autos, la interpretación literal de la palabra *"improrrogable"* tiene el efecto directo de frustrar la clara intención legislativa de adscribirle a dicho término de sesenta (60) días el carácter de cumplimiento estricto. Es deber ineludible de este Tribunal rechazar tal interpretación literal, pues la aplicación literal de dicho término estatutario al caso de autos nos conduciría a un resultado distinto al que intentó el legislador. El término de cumplimiento estricto, por su propia naturaleza, no alcanza calidad de condición jurisdiccional y permite las presentaciones tardías cuando la demora se justifica detalladamente y a cabalidad, quedando a la sana discreción de los tribunales determinar si medió justa causa para tal demora. *"Descartar las implicaciones naturales de un estatuto y aprisionar nuestra lectura de él en la concha de las meras palabras es cometer un pecado cardinal en la interpretación estatutaria: ciega literalidad".* Frankfurter, J., en *Pope v. Atlantic Coast Line Rr. Co.,* 345 U.S. 379, 392; *Martínez Reyes v. Tribunal Superior,* 104 D.P.R. 407 (1975).

El efecto de no comparecer a contestar la demanda dentro del mencionado término de sesenta (60) días es la anotación de la rebeldía de esa parte. La anotación de rebeldía es una facultad discrecional del Tribunal de Primera Instancia. ■ De igual forma reside en esa misma discreción el levantar la anotación de rebeldía. Dispone sobre ese asunto la Regla 45.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.3., lo siguiente:

*"Por causa justificada, el tribunal **podrá** dejar sin efecto una anotación de rebeldía, y, cuando se haya dictado sentencia en rebeldía, **podrá** asimismo dejarla sin efecto de acuerdo con la Regla 49.2.* (Énfasis suplido).

Por causa justificada, el tribunal puede dejar sin efecto una anotación de rebeldía. Esta regla debe interpretarse liberalmente y cualquier duda debe resolverse a favor de que se deje sin efecto la anotación o la sentencia en rebeldía, de suerte que el caso pueda adjudicarse en sus méritos. *Díaz v. Tribunal Superior,* 93 D.P.R. 79 (1966); *J.R.T. v. Missy Mfg. Corp.,* 99 D.P.R. 805 (1971); *Whitman v. United States Lines, Inc.,* 88 F.R.D. 528 (1980). El promovente debe demostrar causa justificada y una defensa meritoria. La defensa en esta etapa no tiene que establecerla con preponderancia de la prueba. La parte sólo tiene el peso de producir prueba adecuada que establezca una base legal o fáctica para la defensa levantada. Véase, *Tri Continental Leasing Corp. v. Zimmerman,* 485 F supp 495, 497 (1979); *Nash v. Sigmore,* 90 F.R.D. 93, 94 (1981); Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** 1979, Vol. II, pág. 254.

En el caso de autos el E.L.A. solicitó el 26 de febrero de 1997 que se dejara sin efecto la anotación de rebeldía a la luz de la jurisprudencia interpretativa de la Regla 45.3 de Procedimiento Civil, *supra.* Adujo que la contestación a la demanda fue depositada en el correo el mismo día (9 de diciembre de 1996) que vencía el término de sesenta (60) días dispuestos en la Regla 10.1 de Procedimiento Civil, *supra,* para contestar la demanda, que el caso era uno de alto interés público donde el E.L.A. ostenta defensas válidas y que el dejar sin efecto la anotación de rebeldía no causaría perjuicio alguno a Curet.

Continuó alegando el E.L.A. que el no levantarle la rebeldía implicaría que la justicia del caso sería frustrada; que se trataba de un caso en que la contestación a la demanda se recibió en el tribunal a sólo pocos días de haber expirado el término de sesenta (60) días que disponía para contestar, por lo que no se podía alegar que había mediado dejadez de su parte. Incluso se le habían remitido a Curet interrogatorios y un aviso de deposición, lo que lejos de demostrar dejadez o negligencia por su parte, demostraba un interés genuino en que los procedimientos se llevaran a cabo de una manera rápida.

Por su parte, Curet se opuso a la pretención del E.L.A. por ser la misma improcedente en derecho y ser el término para contestar la demanda uno improrrogable, por lo que cualquier contestación presentada fuera del término de sesenta (60) días no podía ser considerada por el tribunal. Como mencionáramos anteriormente, el 12 de diciembre de 1996, el Tribunal de Primera Instancia declaró

Ha Lugar la moción solicitando anotación de rebeldía contra el E.L.A., el Departamento y contra Rivera.

La Regla 45 de Procedimiento Civil permite la anotación de rebeldía a una parte que haya dejado de presentar alegaciones o de defenderse, o como sanción por el tribunal *motu proprio* o a solicitud de parte. En ambas situaciones, como regla general, el trámite del caso en rebeldía tiene el efecto de que se den por admitidas las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.2. Por ello se consideran admitidos los hechos correctamente alegados. *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809 (1977); *De Jesús Díaz v. Carrero,* 112 D.P.R 631 (1982).

Por otro lado, la Regla 45.3 de Procedimiento Civil, *supra,* faculta a un tribunal a dejar por causa justificada, sin efecto una anotación de rebeldía y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto a tenor con la Regla 49.2 de Procedimiento Civil 32 L.P.R.A Ap. III, R. 49.2. Nuestro Tribunal Supremo, interpretando la Regla 45.3, *supra,* ha resuelto que los criterios de la Regla 49.2 de Procedimiento Civil, *supra,* son igualmente aplicables cuando se solicita dejar sin efecto una sentencia dictada en rebeldía. *Neptune Packing Corp. v. Wackenhut, Corp.,* 120 D.P.R. 283 (1988). Los criterios son: (a) si el peticionario tiene una buena defensa en sus méritos; (b) el tiempo que ha mediado entre la sentencia y la solicitud de relevo; y (c) el grado del perjuicio que pueda ocasionarle, tanto a la otra parte como al promovente, la concesión del relevo. *Banco Popular v. Trogolo & Martínez, Inc.,* 109 D.P.R. 167 (1972). Reiteradamente, nuestro Tribunal Supremo ha señalado que la Regla 45.3, *supra,* debe de ser interpretada liberalmente y cualquier duda debe de ser resuelta a favor de dejar sin efecto la anotación de una rebeldía, de suerte que el caso se vea en sus méritos. *Díaz v. Tribunal Superior,* 93 D.P.R. 79 (1969); *Banco Central Corporation v. Gelabert Alvarez,* resuelto el 10 de noviembre de 1992, **92 J.T.S. 150**. El promovente debe demostrar una causa justificada y una defensa meritoria.

En el presente caso, el E.L.A., antes de recibir la resolución anotándole la rebeldía, había ya presentado su contestación a la demanda y presentado reconvención, e iniciado el descubrimiento de prueba. Tiene válidas y meritorias defensas que presentar en la vista del caso en su fondo, que de dejarse en efecto la rebeldía no podría presentar. No hay perjuicio de clase alguno que se le pueda ocasionar a ninguna de las partes concediendo la reapertura del caso; es decir, el relevo de la rebeldía. Las circunstancias del caso no han sido de tal naturaleza que revelen un ánimo contumaz o temerario por parte del E.L.A. Por último y como expresáramos, el término improrrogable utilizado en la Regla 10.1, *supra,* es uno de cumplimiento estricto y no jurisdiccional. Por los fundamentos antes expuestos, se expide el auto solicitado y se revocan las resoluciones recurridas de fecha 12 de diciembre de 1996 y 7 de abril de 1997 emitidas por el Tribunal de Primera Instancia, Sala Superior de Guayama, mediante las cuales se le anotó la rebeldía al Departamento, al E.L.A. y a Rivera, y se devuelve el caso a dicho foro para la continuación de los procedimientos.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 172**

**1.** Mediante *MOCION EN OPOSICION A SOLICITUD DE ORDEN AL AMPARO DE LA REGLA 34 DE LAS DE PROCEDIMIENTO CIVIL* de fecha 5 de marzo de 1997, Curet se opuso a esta solicitud. Adujo no estar obligada a contestar el interrogatorio por razón del E.L.A. estar en rebeldía, la que le fue anotada el 12 de diciembre de 1996, notificada el 24 de febrero de 1997, por lo que no tenía derecho a alguno a descubrir prueba.

**2.** En ese informe la Comisión de lo Jurídico hizo mención de los principales principios y fundamentos expuestos en la exposición de motivos del proyecto y procedió a recomendar la aprobación de este sin enmiendas de clase alguna.

**3.** Surge del Diario de Sesiones correspondiente a la sesión celebrada en la Cámara de Representantes el 11 de

mayo de 1988, las siguientes expresiones:

"**SR. VICEPRESIDENTE:** Por el resultado de la Votación, todas las medidas, excepto el Proyecto de la Cámara 1376, han sido aprobadas.

*SR. SANTIAGO GARCIA: Señor Presidente.*

*SR. VICEPRESIDENTE: Señor Representante Santiago García.*

*SR. SANTIAGO GARCIA: **Debo entender en un lenguaje más claro que el Proyecto de la Cámara 1376 fue derrotado.** (Enfasis suplido).*

*SR. VICEPRESIDENTE: **Así es en lenguaje más claro.**"* (Enfasis suplido).

4. De la misma manera lo ha interpretado el Tribunal de Circuito de Apelaciones en *Arteaga & Arteaga Advertising Inc v. José Enrique Arrarás y Lisette Cabañas et als.,* Núm. KLCE-95-00644 Circuito Regional I, sentencia de 26 de septiembre de 1995, Aponte Jiménez, Juez Ponente.

5. La Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en forma potestativa, lo siguiente:

*"El Tribunal a iniciativa propia o a moción de parte **podrá** anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b)(3)."* (Enfasis suplido).

Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).